1  LAW OFFICES OF MARGARET
   A. CHIDESTER & ASSOCIATES
2  Margaret A. Chidester, SBN 95795
   m.chidester@californiaschoollaw.net
3  Steven R. Chidester, SBN 146639
   s.chidester@californiaschoollaw.net
4  Tiffany M. Tran, SBN 278331
   t.tran@californiaschoollaw.net
5  17762 Cowan, First Floor
   Irvine, CA 92614-6096
6  Telephone: (949) 474-5040
   Facsimile: (949) 474-8540
7
   Attorneys for Defendants,
8  Chino Valley Unified School District
   Board of Education, and Chino Valley
9  Unified School District Board of
   Education Board Members James Na,
10 Sylvia Orozco, Charles Dickie, Andrew
   Cruz, and Irene Hernandez-Blair in
11 their official representative capacities

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., MICHAEL ANDERSON, LARRY MALDONADO, and DOES 1 through 20, inclusive, <br><br> Plaintiffs, <br><br> vs. <br><br> CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, and CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION BOARD MEMBERS JAMES NA, SYLVIA OROZCO, CHARLES DICKIE, ANDREW CRUZ, AND IRENE HERNANDEZ-BLAIR in their official representative capacities, <br><br> Defendants. <br>_____ | Case   No.:   5:14-CV-2336-JGB-(DTBx) <br><br> ANSWER OF DEFENDANTS CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, AND CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION BOARD MEMBERS JAMES NA, SYLVIA OROZCO, CHARLES DICKIE, ANDREW CRUZ, AND IRENE HERNANDEZ-BLAIR TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES <br><br> Date action filed: November 13, 2014 <br><br> Date First Amended Complaint filed: December 15, 2014 |

Defendants the Chino Valley Unified School District Board of Education, and Chino Valley Unified School District Board of Education Board Members James Na, Sylvia Orozco, Charles Dickie, and Irene Hernandez-Blair in their official representative capacities (collectively referred to as the "Board") hereby answer the First Amended Complaint for equitable relief and damages ("First Amended Complaint") filed by Plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1 through 20 ("Plaintiffs") as set forth below. Any remaining allegations not addressed herein are denied.

**<u>RESPONSE TO "NATURE OF THE CLAIMS"</u>**

1. No response to paragraph 1 is required because the scope of this lawsuit speaks for itself. To the extent a response is required, the Board denies each and every allegation contained therein.

2. The Board admits only that it begins the open portion of Board meetings with an invocation led by various community individuals. The remaining allegations in paragraph 2 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

3. The allegations stated in paragraph 3 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

4. The allegations in paragraph 4 constitute a legal conclusion to which no response is required. To the extent a response is required, the Board denies the same.

5. The Board denies each and every allegation in paragraph 5.

**<u>RESPONSE TO "JURISDICTION AND VENUE"</u>**

6. The Board admits that this Court has jurisdiction over this action under 28 U.S.C. section 1331.

ANSWER TO FIRST AMENDED COMPLAINT

7. The allegations stated in paragraph 7 regarding the Court's jurisdiction constitute a legal conclusion to which no response is required. To the extent a response is required, the Board denies the same. No response to the remaining allegations in paragraph 7 is required because the scope of this lawsuit speaks for itself. To the extent a response is required, the Board denies the same.

8. The allegations in paragraph 8 constitute a legal conclusion to which no response is required. To the extent a response is required, the Board denies the same.

9. The scope of this lawsuit speaks for itself and no response to the allegations of paragraph 9 is required. The remaining allegations in paragraph 9 constitute a legal conclusion to which no response is required. To the extent a response is required, the Board denies the same.

10. The allegations in paragraph 10 constitute a legal conclusion to which no response is required. To the extent a response is required, the Board denies the same.

11. The Board admits that venue is proper in this Court because the alleged events giving rise to Plaintiffs' claims occurred within this judicial district.

## RESPONSE TO "PARTIES"

12. The Board admits upon information and belief that Plaintiff Freedom From Religion Foundation is a Wisconsin non-stock corporation. The Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12, and therefore, denies the same.

13. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies each and every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

14.  The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, denies each and every allegation contained therein.

15.  The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, therefore, denies each and every allegation contained therein.

16.  The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies each and every allegation contained therein.

17.  The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, therefore, denies each and every allegation contained therein.

18.  The Board admits only that Plaintiff Larry Maldonado has attended at least one CVUSD Board meeting within the last calendar year, on August 7, 2014. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and, therefore, denies the same.

19.  The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies each and every allegation contained therein.

20.  The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, denies each and every allegation contained therein.

21. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies each and every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

22. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies each and every allegation contained therein.

23. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, therefore, denies each and every allegation contained therein.

24. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies each and every allegation contained therein.

25. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, therefore, denies each and every allegation contained therein.

26. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, denies each and every allegation contained therein.

27. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, therefore, denies each and every allegation contained therein.

28. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, therefore, denies each and every allegation contained therein.

29. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, therefore, denies each and every allegation contained therein.

30. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, denies each and every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

31. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies each and every allegation contained therein.

32. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies each and every allegation contained therein.

33.   The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, therefore, denies each and every allegation contained therein.

34. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, denies each and every allegation contained therein.

35. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, therefore, denies each and every allegation contained therein.

36. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, denies each and every allegation contained therein.

37. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, denies each and every allegation contained therein.

38. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, denies each and every allegation contained therein.

39. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, denies each and every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

40. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, denies each and every allegation contained therein.

41. The Board admits that it is the governing body responsible for governing all public schools within the Chino Valley Unified School District. The Board affirmatively alleges that California Education Code § 35162 speaks for itself, and denies any allegations contained in paragraph 41 to the extent it purports to interpret that statute, but does so inaccurately or incorrectly. To the extent not expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 41.

42. The Board admits only that Defendants Chino Valley Unified School District Board members James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair have been sued in this lawsuit in their official capacities as Board members. The Board affirmatively alleges that Mr. Dickie no longer has any official representative capacity as a Board member because his last day in office was December 11, 2014.  Except as expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 42.

**RESPONSE TO "FACTS: SCHOOL BOARD MEETINGS"**

43. The Board affirmatively alleges that Board Bylaw 9000(a) speaks for itself and is the best evidence as to its content. The remaining allegations of paragraph 43 constitute a legal conclusion, to which no response is required. To the extent a response is required, the Board denies the same.

44. The Board admits only that the Board governs schools of the Chino Valley Unified School District. The remaining allegations in paragraph 44 are vague and ambiguous and, on that basis, the Board denies the same.

45. The Board admits that it sets educational policy, adopts courses of study, appoints or hires personnel, proscribes rules and regulations for the

operation of schools, enforces school attendance, enforces student discipline such as expulsion, and purchases textbooks. The remaining allegations stated in paragraph 45 are vague and ambiguous and, on that basis, the Board denies the same.

46. The Board admits only that it approves field trips, sets policies and provides funding for various forms of student transportation. The Board denies that it handles locker installation. The Board admits that it sets student dress and grooming codes only to the extent set forth in Board Policy No. 5132. The remaining allegation stated in paragraph 46 regarding "other minutiae" is vague and ambiguous and, on that basis, the Board denies the same.

47. The Board admits only that it has approximately 18 regular Board meetings each year. The remaining allegations stated in paragraph 47 are vague and ambiguous and, on that basis, the Board denies the same.

48. The allegations stated in paragraph 48 are vague and ambiguous and on that basis, the Board denies each and every allegation contained therein.

49. The allegations stated in paragraph 49 are vague and ambiguous and on that basis, the Board denies each and every allegation contained therein.

50. The Board denies each and every allegation contained in paragraph 50.

51. The allegations stated in paragraph 51 are vague and ambiguous and on that basis, the Board denies each and every allegation contained therein.

52. The Board admits that Board meetings usually take place on District property, typically in the Board room located at the District Service Center located at 5130 Riverside Drive in Chino, California. The Board admits that it has held Board meetings in other District facilities, including Woodcrest Junior High School. To the extent not expressly admitted herein, the Board denies each and every remaining allegation in paragraph 52.

53. The Board denies that it retains complete control over Board meetings. The Board admits only that roll call is taken at the beginning of a Board

ANSWER TO FIRST AMENDED COMPLAINT

meeting. The Board affirmatively alleges that Board Policy BB No 9322(a), speaks for itself and is the best evidence regarding its content. Except as expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 53.

54.  The Board denies that Board meetings begin with a closed session. The Board admits only that roll call is taken at the beginning of a Board meeting. Except as expressly admitted herein, the Board denies each and every remaining allegation in paragraph 54.

55. The Board admits that it conducts portions of student disciplinary action in closed session. Except as expressly admitted herein, the Board denies each and every remaining allegation in paragraph 55.

56.  The Board admits that it reports any reportable closed session action in the ensuing open session. The Board further admits that open session includes the Pledge of Allegiance, often an invocation, and sometimes includes presentations made to students who choose to be present. The Board also admits that the student member and employees on occasion make presentations. Except as expressly admitted herein, the Board denies each and every remaining allegation in paragraph 56.

57.  The Board admits only that Board meetings begin with an open session typically at 5:00 p.m. The Board denies each and every remaining allegation in paragraph 57.

58.  The Board admits that various individuals, including District principals, assistant principals, and students, have led the Pledge of Allegiance at Board meetings. The Board admits that a Don Lugo High School student led the Pledge of Allegiance on September 19, 2013.

59. The Board admits that a voluntary invocation pursuant to Board Resolution No. 2013/2014-11, attached to Plaintiffs' First Amended Complaint as Exhibit 4, often follows the Pledge of Allegiance.

ANSWER TO FIRST AMENDED COMPLAINT

60. The Board admits that invocations are usually given by religious leaders in the community pursuant to Board Resolution No. 2013/2014-11 attached to Plaintiffs' First Amended Complaint as Exhibit 4.

61. The Board admits that the presentation portion of the meeting sometimes follows the invocation. The presentation portion may, but does not always, include student presentations. The Board admits that there is often a "Student Showcase" in which District students perform and a "Student Recognition" portion when the Board recognizes District students for their achievements. Except as expressly admitted herein, the Board denies each and every remaining allegation in paragraph 61.

62. The Board affirmatively alleges that the May 15, 2014 Board meeting minutes speak for themselves. Except as affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 62.

63. The Board affirmatively alleges that the May 1, 2014 Board meeting minutes speak for themselves. Except as affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 63.

64. The Board admits on information and belief that the video referenced in paragraph 64 was uploaded to YouTube on March 29, 2011. The Board currently lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 64 and, therefore, denies the same.

65. The Board admits that student performances at Board meetings often involve more than one student. The District further admits that students performing or presenting to the Board are invited to voluntarily attend the Board meeting. The Board affirmatively alleges that no student is required to attend a Board meeting for a performance or for recognition. Except as expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 65.

ANSWER TO FIRST AMENDED COMPLAINT

66.  The Board affirmatively alleges that the Board room has approximately 49 chairs for the general public. The remaining allegations stated in paragraph 66 are vague and ambiguous and on that basis, the Board denies the same.

67.  The Board admits that the presentation section of Board meetings includes recognition of employees, and may include reports from various representatives regarding District operations and projects. Except as expressly admitted herein, the Board denies each and every remaining allegation in paragraph 67.

68.  The Board admits that it sometimes has heard "Comments from a Student Representative" after the Presentations section of Board meetings. The Board admits the allegations in paragraph 68 regarding the student representative's statements during the January 16, 2014 Board meeting. Except as expressly admitted herein, the Board denies each and every remaining allegation in paragraph 68.

69.  The Board alleges that Board Bylaw AR 9150 speaks for itself and is the best evidence as to its content. The Board admits that the student board member is part of the Board.

70.  The Board admits that pursuant to Board Policy BB 9150, the student board member may participate in questioning witnesses and discussing a variety of issues. The Board affirmatively alleges that the Board meeting minutes speak for themselves. Except as expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 70.

71.  The Board admits that pursuant to Board Policy BB 9150, the student board member may cast preferential votes on all matters except those subject to closed session discussion. The Board affirmatively alleges that preferential votes are cast prior to the official board vote and do not affect the final numerical outcome of a vote. The Board also affirmatively alleges that the

ANSWER TO FIRST AMENDED COMPLAINT

Board Minutes for the January 16, 2014 meeting speak for themselves. Except as expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 71.

72. The Board affirmatively alleges that the CVUSD Policy E 9150 and Board Bylaw AR 9150(a) speak for themselves and are the best evidence as to the role of the Student Representative. Except as affirmatively alleged herein, the Board denies each and every remaining allegation in paragraph 72.

73. The Board admits that the "Comments from the Employee Representatives," i.e., union leaders, sometimes follows the "Comments from the Student Representative" portion of the board meeting, but denies that this portion of the Board meeting provides an opportunity for CVUSD employees to speak.

74. The Board admits only that students and their parents may participate in the public comments portion of Board meetings because such meetings are required to be open to the public at large pursuant to Government Code section 54954.3.

75. The allegations stated in paragraph 75 are vague and ambiguous and on that basis, the Board denies each and every allegation contained therein.

76. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore, denies the same. The Board further alleges that the allegations in paragraph 76 are vague and ambiguous and on that basis, the Board denies each and every allegation contained therein.

77. The Board admits that an opportunity for Board member communications is agendized. The Board admits each and every remaining allegation in paragraph 77.

78. The Board admits each and every allegation of paragraph 78.

ANSWER TO FIRST AMENDED COMPLAINT

79. The allegation in paragraph 79 that Mr. Na and Mr. Cruz "typically do this" is vague and ambiguous and on that basis, the Board denies said allegation. The Board admits each and every remaining allegation in paragraph 79.

80. The Board admits each and every allegation in paragraph 80.

81. The allegations stated in paragraph 81 are vague and ambiguous and on that basis, the Board denies each and every allegation contained therein.

82. The Board alleges that the Board meeting minutes regarding the May 1, 2014, April 17, 2014, March 6, 2014, and December 12, 2013 speak for themselves. The Board denies that Mr. Na "said we have all different fingerprints are all specially made by God" during a Board meeting on November 11, 2013.

83. The Board affirmatively alleges that the *United States v. Windsor*, 133 S. Ct. 2675 (2013) and *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) opinions speak for themselves and are the best evidence as to their content. The Board affirmatively alleges that the June 27, 2013 Board meeting minutes speak for themselves.

84. The Board admits only that Mr. James Na read Bible verse John 3:16 during the October 3, 2013 Board meeting. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore, denies the same.

85. The Board admits only that CVUSD Board of Education President Mr. James Na sent a "Merry Christmas" letter in December of 2013 attached to Plaintiffs' First Amended Complaint as Exhibit 3. The Board affirmatively alleges that said letter speaks for itself and is the best evidence as to its content. The allegation stated in paragraph 85 that "Board members inject religion into other aspects of CVUSD as well" is vague and ambiguous and on that basis, the Board denies the same. Except as expressly admitted and affirmatively

ANSWER TO FIRST AMENDED COMPLAINT

alleged herein, the Board denies each and every remaining allegation contained in paragraph 85.

86. The Board admits upon information and belief that Pastor Jack is Mr. Na's pastor at Calvary Chapel Chino Hills, Pastor Jack Hibbs. The Board further admits that Mr. Na's biography on the CVUSD website states that "He is active in the Calvary Chapel Chino Hills Watchman Ministry." Except as expressly admitted herein, the Board denies each and every allegation in paragraph 86.

87. The Board admits each and every allegation contained in paragraph 87.

88. The Board admits only that school Board meetings are held in District schools, may be attended by teachers and students, and may result in the setting of District and school policies. The remaining allegations contained in paragraph 88 constitute legal conclusions to which no response is required. To the extent a response is required, the Board denies the same.

## RESPONSE TO "FACTS: ATTEMPTS TO RESOLVE WITHOUT LITIGATION"

89. The Board affirmatively alleges that the letter attached to Plaintiffs' First Amended Complaint as Exhibit 5 speaks for itself and is the best evidence as to its content.

90. The Board admits that the District's counsel, Margaret A. Chidester, replied to the September 14, 2013 FFRF letter on or about October 7, 2013. The Board affirmatively alleges that the October 7, 2013 letter attached as Exhibit 6 to the Complaint speaks for itself and is the best evidence as to its content. Except as expressly admitted and affirmatively alleged herein, the Board denies each and every remaining allegation contained in paragraph 90.

91. The Board admits only that it received letters from FFRF regarding religious groups participating in Back to School night and requesting records relating to the school district's Bible class. Except as expressly admitted

- 14 -

herein, the Board denies each and every remaining allegation contained in paragraph 91.

### <u>RESPONSE TO "FACTS: PARTIES REACTIONS TO PRAYERS, PROSELYTIZING, AND BIBLE READINGS"</u>

92. The Board currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, therefore, denies each and every allegation contained therein.

93. The allegations stated in paragraph 93 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

94. The allegations stated in paragraph 94 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

95. The allegations stated in paragraph 95 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

96. The allegations stated in paragraph 96 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

97. The allegations stated in paragraph 97 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

98. The allegations stated in paragraph 98 constitute arguments or conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

ANSWER TO FIRST AMENDED COMPLAINT

## <u>RESPONSE TO THE FIRST GROUND FOR RELIEF</u>

99. The Board incorporates by reference herein its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint. The Board denies each and every remaining allegation of paragraph 99.

100. The allegations stated in paragraph 100 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

101. The allegations stated in paragraph 101 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

102. The allegations stated in paragraph 102 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

103. The allegations stated in paragraph 103 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

104. The allegations stated in paragraph 104 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

105. The allegations stated in paragraph 105 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

106. The allegations stated in paragraph 106 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

107. The allegations stated in paragraph 107 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

ANSWER TO FIRST AMENDED COMPLAINT

108.  The allegations stated in paragraph 108 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

109.  The allegations stated in paragraph 109 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

110.  The allegations stated in paragraph 110 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

## **RESPONSE TO THE SECOND GROUND FOR RELIEF**

111. The Board incorporates by reference herein its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint. The Board denies each and every remaining allegation of paragraph 111.

112.  The allegations stated in paragraph 112 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

113.  The allegations stated in paragraph 113 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

114. The allegations stated in paragraph 114 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

## **RESPONSE TO THE THIRD GROUND FOR RELIEF**

115. The Board incorporates by reference herein its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint. The Board denies each and every remaining allegation of paragraph 115.

116.  The allegations stated in paragraph 116 are vague and ambiguous, and on that basis, the Board denies each and every allegation contained therein.

117. The allegations stated in paragraph 117 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

118.  The allegations stated in paragraph 118 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

119. The allegations stated in paragraph 119 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

120. The allegations stated in paragraph 120 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

## **RESPONSE TO THE FOURTH GROUND FOR RELIEF**

121. The Board incorporates by reference herein its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint. The Board denies each and every remaining allegation of paragraph 121.

122. The California Supreme Court's decision in *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 331 (1998) speaks for itself and no response is required. To the extent a response is required, the Board denies each and every allegation contained in paragraph 122.

123. The California Court of Appeal's decision in *Austin B. v. Escondido Union School* District, 149 Cal.App.4th 860, 883, 57 Cal.Rptr. 454 (2007) speaks for itself and no response is required. To the extent a response is required, the Board denies each and every allegation contained in paragraph 123.

124. The allegations stated in paragraph 124 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

ANSWER TO FIRST AMENDED COMPLAINT

125. The allegations stated in paragraph 125 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

## RESPONSE TO "REQUEST FOR RELIEF"

126. The allegations stated in paragraph 126 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

127. The allegations stated in paragraph 127 constitute conclusions of law to which no response is required. To the extent a response is required, the Board denies the same.

128. The Board denies that Plaintiffs are entitled to any relief sought in paragraph 128.

## FIRST AFFIRMATIVE DEFENSE

The individual Board members enjoy the right to free exercise of religion under the First Amendment of the United States Constitution and Article 1 Section IV of the California Constitution.

## SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs is barred because Plaintiffs have failed to exhaust all applicable federal or state administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Board member Defendants are entitled to qualified immunity for publications or broadcasts made during any Board meeting as District Board meetings constitute an official proceeding authorized by law pursuant to California Civil Code § 47(b).

ANSWER TO FIRST AMENDED COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity because they did not deprive Plaintiffs of any clearly established constitutional or statutory rights of which Defendants reasonably should have been or could have been aware pursuant to *C.F. v. Capistrano Unified School District*, 654 F.3d 975 (9th Cir. 2011).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and requests for relief are barred, in whole or in part, by the United States Supreme Court's decisions upholding invocations during legislative sessions in *Marsh v. Chambers*, 463 U.S. 783 (1983) and *Town of Greece v. Galloway*, 134 S. Ct. 1811 (2014) and the United States Court of Appeals for the Ninth Circuit's decision in *Rubin v. City of Lancaster*, 710 F.3d 1087 (9th Cir. 2013).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and requests for relief are barred, in whole or in part by California Education Code § 51511.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and request for relief are barred to the extent they lack standing to assert such claims in their First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim against the Defendants because, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

ANSWER TO FIRST AMENDED COMPLAINT

## **PRAYER**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. For dismissal of Plaintiffs' First Amended Complaint with prejudice;

2. For an order that Plaintiffs shall take no relief from the First Amended Complaint;

3. For costs of this action;

4. For an order awarding Defendants their attorneys' fees as a result of this action; and

5. For such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 9, 2015

/s/ *Margaret A. Chidester*

Margaret A. Chidester

/s/ *Steven R. Chidester*

Steven R. Chidester

/s/ *Tiffany M. Tran*

Tiffany M. Tran

Attorneys for Defendants
Chino Valley Unified School District Board of Education, and Chino Valley Unified School District Board of Education Board Members James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair in their official representative capacities

- 21 -

ANSWER TO FIRST AMENDED COMPLAINT