David J.P. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel  (PHV)
Rebecca Markert (PHV)
E: aseidel@ffrf.org/rmarkert@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
Does 1 through 20, inclusive

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., <br><br> Plaintiffs, <br> vs. <br><br> CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al, <br><br> Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx) <br><br> ORDER GRANTING PLAINTIFFS LEAVE TO PROCEED UNDER PSEUDONYMS AND FOR ENTRY OF PROTECTIVE ORDER |

The Court having read and considered the Stipulation of the Parties to permit Plaintiffs to proceed in this litigation pseudonymously and for entry of a Protective Order, and good cause appearing therefor:

1
PROTECTIVE ORDER

1  IT IS HEREBY ORDRED that Plaintiff DOES 1 through 20 inclusive are granted leave by the Court to proceed in this litigation under pseudonyms until such further Order of this Court.

IT IS FURTHER ORDERED that there exists good cause for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and under the Court's supervisory powers. The Court hereby enters the following Protective Order:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

I.  FINDINGS OF FACT

1. Plaintiffs in this action are the organization Freedom From Religion Foundation, Inc., ten minor students who attend schools within the Chino Valley Unified School District, nine parents, and three current employees of the school district. Defendant is the Chino Valley Unified School District Board of Education and its members in their official representative capacities. On November 13, 2014, Plaintiffs filed a Complaint against Defendant for equitable relief and damages arising out of certain religious activities allegedly conducted by Defendant at official school board meetings. Other than Plaintiff Freedom From Religion Foundation, Inc., the individual plaintiffs in the original Complaint were identified by the pseudonym Does 1 through 4 inclusive.

2. On December 15, 2014, plaintiffs filed a First Amended Complaint adding several additional named plaintiffs. Other than two plaintiffs, Plaintiff Anderson and Plaintiff Maldonado, the remaining individual plaintiffs sued under the

pseudonyms Does 1 through 20, inclusive. The additional plaintiffs included more minor children who are students at schools within the Chino Valley Unified School District, their parents, and another employee of the school district.

3.   Plaintiffs seek to protect the disclosure of the identities and personal identifying information of the Doe Plaintiffs because several of the Plaintiffs are minors and in light of the highly sensitive nature of this case, which involves the very personal issues of religious belief and lack of religious belief, Plaintiffs seek to protect the Doe Plaintiffs' identities from public disclosure while providing sufficient information to Defendant's counsel in order to afford Defendant the ability to defend against the allegations in the First Amended Complaint. Defendant does not object.

4.   The parties acknowledge that Does 1 and 2 are the minor children of named Plaintiff Michael Anderson, and Doe 4 is a minor child of named Plaintiff Larry Maldonado.

II.   CONCLUSIONS OF LAW

5.   Rule 26(c) of the Federal Rules of Civil Procedure provides that "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and limit disclosure of certain information based upon such findings.

6.   Furthermore, the Court has the discretion under its supervisory powers to enter such orders as may be just and necessary for the fair administration of justice for the cases before it.

7. The record in this case demonstrates good cause to permit the Court to exercise its discretion to restrict disclosure of the identities and personal identifying information of the Doe Plaintiffs in this case, as further described below, and to grant such relief and impose such sanctions and penalties as necessary to ensure the confidentiality of the foregoing information.

## PROTECTIVE ORDER

Therefore, based upon the foregoing findings of fact and conclusions of law, and good cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. With the exception of individually named Plaintiff Anderson and Plaintiff Maldonado, Plaintiffs herein shall proceed in this cause with the use of pseudonyms (Doe 1 through 20 inclusive), in place of their true identities. The parties shall use the pseudonyms for these Plaintiffs in all pleadings, papers, at any hearings and in open court, and other statements and documents that are matters of public record.

2. Plaintiffs' counsel shall disclose to Defendant's attorney the following information, which shall constitute "Protected Information" under the terms of this Stipulation no later than 14 calendar days after the entry of this Protective Order:

   i. The Doe Plaintiff's name;
   ii. The Doe Plaintiff's home address;
   iii. The Doe Plaintiff's date of birth;
   iv. The Doe Plaintiff's school of attendance; or the adult Doe Plaintiff's department of employment within the school district if applicable;

      v. The Doe Plaintiff's Employment Status with the Chino Valley Unified School District, if applicable ("employment status" shall mean the following information: (1) substitute, temporary, probationary or permanent employment; (2) certificated or classified employee; (3) full time or part time status; and (4) current or former employee); and

      vi. The Doe Plaintiff's grade level and homeroom teacher, if applicable.

3. Defendant's attorney shall be precluded from disclosing the Protected Information to any other person except as expressly provided in this Protective Order.

4. Disclosure of the Protected Information is restricted to Defendant's attorney alone. However, Defendant's attorney may disclose the Protected Information to Authorized Persons, which shall be defined as Defendant's attorney's paralegals, legal assistants, secretaries, investigators, experts, and other employees of Defendant's attorney, except to the extent such persons are also Chino Valley Unified School District Board of Education members, employees, assistants, or staff members. To the extent that either party seeks student and/or employee records from the school district's custodian of records during discovery, the parties will identify to the custodian of records the person whose records are sought by their actual name and shall not identify the person as a Doe Plaintiff nor shall the parties indicate that the records request is related to this lawsuit.

5. Disclosure of Protected Information to Authorized Persons by Defendant's attorney is permitted only on the condition that: (i) such disclosure is necessary to allow counsel to fully and fairly represent the defendant and determine

Plaintiffs' standing; and (ii) each authorized person to whom such disclosure is made, prior to the making of such disclosure, is given a copy of this Protective Order, reads it, and signs this Order indicating that they understand its content and that they are bound by its terms. Defendant's attorney is otherwise precluded from taking any action that discloses the Protected Information to any person, including the Chino Valley Unified School District Board of Education members, their employees, agents, assistants, or anyone other than the Authorized Persons identified hereinabove. Defendant's attorney shall take all reasonable steps to guard against such unauthorized disclosure of Plaintiffs' identities and identifying information.

6. Defendant's attorney may disclose Protected Information of the employee Doe Plaintiffs to Dan Mellon, Defendant's Director of Risk Management and Human Resources, for the sole purpose of determining whether or not these employee Doe Plaintiffs are in a position to receive or have access to Defendant's confidential attorney-client privileged information relating to this lawsuit. Defendant's attorney shall not disclose any information to Mr. Mellon until Mr. Mellon executes an acknowledgement and agreement to be bound by the terms of this Protective Order. Other than Authorized Persons identified above, Mr. Mellon shall be precluded from disclosing any Protected Information he receives to any other person, including but not limited to his own staff, assistants, or other employees of the district over whom he has supervisory or managerial responsibility. Mr. Mellon shall be precluded from using any Protected Information for any purpose without limitation whatsoever other than for the sole purpose identified in this paragraph.

7. All court personnel (including court reporters and their staff or agents) who obtain Protected Information are hereby prohibited from taking any action that discloses the Protected Information to any other person.

8. If any Protected Information is disclosed in any discovery document, transcripts, or pleading, the party producing such writing must identify that writing with the notice language: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." The notice language must appear conspicuously on each page of the writing or, if the item is not a writing but some other type of recording or electronic media, on such other part of the material as to make it plainly visible.

9. Any pleadings or documents that disclose any Protected Information shall be filed with the Court under seal according to L.R. 79-5 "Confidential Court Records" of the Local Rules of the Central District of California or under any pilot program which allows for the electronic filing of under seal documents as the Court may authorize. All such pleadings filed under seal pursuant to this Protective Order shall be clearly identified on the first page with the caption of this action and the words "DOCUMENT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

10. This Protective Order shall bind Plaintiffs, Defendants, and their current respective attorneys of record. Defendant's current attorney of record shall not disclose to any successor counsel or co-counsel any of the Protected Information until such counsel execute an acknowledgement and agreement to be bound by the terms of this Stipulation and the Court's Protective Order.

11. If any adult Doe Plaintiff discloses their own identity as a Plaintiff in this litigation, this Protective Order will no longer have force and effect regarding the

Protected Information concerning that adult Doe Plaintiff alone. Unless otherwise ordered by the Court, disclosure of any Protected Information for any other adult or minor Doe Plaintiff is restricted as set forth in this Protective Order.

12. It is the intent of this Protective Order to preserve the anonymity of the individual plaintiffs identified in the action as Does 1 through 20 inclusive to the greatest extent possible, while affording the parties adequate information to effectively address the issues in this matter.

13. The parties may seek modification of this Protective Order by stipulation or noticed motion. Any motion seeking to modify this Protective Order or seeking relief from any of its provisions shall be filed under seal.

14. Failure by any person to comply with the terms of this Protective Order shall subject such person to a finding of contempt of court and may result in either civil or criminal penalties including incarceration.

IT IS SO ORDERED.

DATED: April 15, 2015

_____
UNITED STATES DISTRICT JUDGE

Presented By:

David J.P. Kaloyanides
E: djpkaplc@me.com
15338 Central Ave.
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

*David J.P. Kaloyanides*
Attorney for Plaintiffs