David J. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel (PHV)
Rebecca Markert (PHV)
E: aseidel@ffrf.org/rmarkert@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
Does 1 through 20, inclusive

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., <br><br> Plaintiffs, <br> vs. <br><br> CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al, <br><br> Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx) <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION |

    Plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive, by and through their attorney of record in this case, David J. Kaloyanides, hereby submit this Opposition to Defendants' Ex Parte

1
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

1. Application for an Order Extending Time Within which Defendants Can File A Response to Plaintiffs' Supplemental Brief.

2. This Opposition is based on the fact that Defendants' have failed to comply with Local Rule 7-19.1 and failed to provide any valid reason for requesting the extension.

3. This Opposition is based on the attached memorandum and declaration of counsel, the papers, pleadings, and other documents in the Court's file, such argument and evidence as may be presented at the hearing on the application, if any, and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: November 20, 2015

_____
David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants failed to comply with the requirements of Local Rule 7-19.1. Defendants' application contains no information of any attempt to provide notice to Plaintiffs' counsel prior to the ex parte application. This is most likely because Defendants made no attempt to provide the required notice to Plaintiffs.

Furthermore, Defendants' request for an extension, filed the Friday before Plaintiffs' supplemental brief is due, provides no valid justification for an extension. Defendants waited until the last minute to make this request thereby foreclosing any possible request by Plaintiffs to seek an equal amount of time in which to prepare and file their supplemental brief. The fact that Defendants' briefing schedule includes a holiday is not a legitimate basis for an extension here.

## II. DISCUSSION

### A. LOCAL RULES OF THE CENTRAL DISTRICT REQUIRE SPECIFIC NOTICE PRIOR TO FILING AN EX PARTE APPLICATION.

Before filing an ex parte application, it is counsel's duty to "make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" as well as "to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Counsel for Defendants filed the application on 3:04 p.m. on the Friday prior to the deadline for Plaintiffs to file their supplemental brief. Defense counsel made no attempt to contact Plaintiffs' counsel prior to filing the application. Defense counsel also failed to include any statement in the

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

application showing any attempt to contact Plaintiffs' counsel prior to filing the application.

Because Defense counsel did not comply with the local rules, the application should be denied.

## B. DEFENSE COUNSEL'S CHOICE TO CLOSE HIS OFFICE FOR TWO DAYS IS NOT JUSTIFICATION FOR AN EXTENSION OF TIME.

The day following Thanksgiving is not a federal holiday. *See* 5 U.S.C. §6103(a). Although the United States District Court for the Central District will be closed on the day after Thanksgiving, the Court's website clearly states that such day is an "administrative leave day" and the day does not qualify as a "holiday" for the purposes of calculating time under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 6(a)(6); *see also* http://www.cacd.uscourts.gov/clerk-services/court-holidays.

Defendants' counsel has failed to show why he needs two extra days in order to file Defendants' supplemental brief. Counsel's choice to close his office for two days is not a justification for an extension of time to comply with a briefing schedule. The Court regularly sets briefing scheduling that include federal holidays without giving extra time for the parties to comply with that schedule.

Counsel has failed to set forth any fact that shows complying with the Court's briefing schedule would be particularly onerous. Counsel has not explained how his caseload is such that compliance with the briefing schedule imposes an unreasonable burden on him. His choice to close his office for two days is not a reasonable justification for the requested extension.

III. CONCLUSION

For the foregoing reasons, Defendants' application should be denied.

Respectfully submitted,

Dated: November 20, 2015

David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive.

# DECLARATION OF COUNSEL

I, David J. Kaloyanides, hereby state and declare as follows:

1.  I am a member of the Bar of the State of California, a member of the Bar of this Court, and I am duly licensed to practice law before the courts of this State and before this Honorable Court. I am counsel of record for Plaintiffs. I make this declaration in support of Plaintiffs' opposition to Defendants' ex parte application for an extension of time.

2.  I received a Notice of Electronic Filing through the Court's CM/ECF system at 3:04 p.m. on Friday, November 20, 2015, that Defendants filed an ex parte application. Because I was in an evidentiary hearing in the matter of *People of the State of California v. Sandoval et al.,* San Bernardino County Superior Court, FVI 1400933, I did not read the NEF and Defendants' filing until approximately 5:30 p.m.

3.  I have reviewed all my emails and voicemail messages from this week. I have conferred with my office staff. Defendants' counsel left no messages nor made any attempt to contact me or my office regarding the ex parte application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of November, 2015, at Chino, California.

_____
David J. Kaloyanides

4
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION