David J. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel (PHV)
Rebecca Markert (PHV)
E: aseidel@ffrf.org/rmarkert@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
Does 1 through 20, inclusive

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., <br><br> Plaintiffs, <br> vs. <br> CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al, <br><br> Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx) <br><br> PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT <br><br> Hearing Date: November 16, 2015 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 1 Riverside <br> Hon. Jesus G. Bernal |

Pursuant to the Court's request, Plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive, by and through

---
1
SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1 their attorney of record in this case, David J. Kaloyanides, hereby submit this

2 Supplemental Brief in Support of Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

Dated: November 22, 2015

_____
David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive.

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At the conclusion of the hearing on the parties' cross Motions for Summary Judgment, the Court requested additional briefing from plaintiffs regarding two subjects. First, the Court requested plaintiffs to address the need for specificity in establishing standing and to provide the Court with the dates of the meetings the plaintiffs attended as well as the prayers given at those meetings. Second, the Court requested that plaintiffs address the basis for plaintiffs' request for an award of nominal damages in this case.

As discussed below, specificity of the kind that identifies each meeting that each plaintiffs attended by date is not required to show standing in Establishment Clause cases. *Vasquez v. Los Angeles ("LA") Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (allegation that plaintiff had "daily contact" sufficient to confer standing); *Buono v. Norton*, 371 F.3d 543, 546 (9th Cir. 2004) (allegation that plaintiff "visit[s] the Preserve two to four times a year on average" sufficient to confer standing). However, plaintiffs supplemental declarations, filed concurrently herewith, provide the details of the meeting dates and the prayers conducted at those meetings.

In addition, plaintiffs are entitled to an award of nominal damages in this case. Nominal damages awards are appropriate where a constitutional right is violated even in the absence of proof of actual injury.

## II. DISCUSSION

### A. PLAINTIFFS ENCOUNTERED THE OFFENDING PRAYER POLICY AT EACH OF THE SCHOOL BOARD MEETINGS THEY ATTENDED.

General principles of Article III standing require that a plaintiff have standing at the inception of the litigation. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528
1

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT

U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed2d 610 (2000) ("[W]e have an obligation to assure ourselves that [the plaintiff] had Article III standing at the outset of the litigation."). In Establishment Clause cases, standing arises from direct contact with an offensive religious or anti-religious symbol. *See Vasquez v. Los Angeles (LA) County*, 487 F.3d 1246, 1251 (9th Cir. 2007) (county resident was found to have a "sufficiently concrete injury" giving rise to standing to bring action against county for removing the image of the cross from the county's official seal, because he had "unwelcome direct contact" with the seal on a regular basis); *see also Van Orden v. Perry*, 545 U.S. 677, 125 S.Ct. 2854, 162 L.Ed.2d 607 (2005) (plaintiff who passes by the Capitol grounds on his way to the library northwest of the Capitol building was found to have standing to question the religious monument erected on the Capitol grounds).

Even defendants' often cited case, *Town of Greece*, acknowledged that standing was sufficient where the plaintiffs alleged simply that they "felt uncomfortable and offended by the allegedly sectarian prayers." *Galloway v. Town of Greece*, 732 F. Supp. 2d 195, 215 (W.D.N.Y. 2010) rev'd, 681 F.3d 20 (2d Cir. 2012) *rev'd sub nom. Town of Greece, N.Y. v. Galloway,* 134 S. Ct. 1811, 188 L. Ed. 2d 835 (2014). Defendants in *Town of Greece* argued at the district court level that "that the plaintiffs do not have standing to challenge what was said in Town Board meetings which the plaintiffs have no specific memory of attending." *Galloway, supra,* 681 F.3d. at 30. This argument was squarely rejected:

> The defendants argue, however, that the plaintiffs do not have standing to challenge what was said in Town Board meetings which the plaintiffs have no specific memory of attending. The Supreme Court did not adopt such a

restrictive view of the prayer practice under challenge in *Marsh* [*v. Chambers*]. Nor has any circuit, as far as we are aware, adopted such a view in assessing a challenge to legislative prayer.

*Id.* at 30 n.4.

There is no requirement for detailed allegations to include date, time, or even specific memory of attending meetings to confer standing in an Establishment Clause case.

As discussed previously in plaintiffs' papers in support of their Motion for Summary Judgment, the Ninth Circuit has found standing even where the offensive government conduct is merely an official government enactment such as a resolution. In *Catholic League for Religious & Civil Rights v. City & Cnty. of San Francisco*, 624 F.3d 1043 (9th Cir. 2010), plaintiffs alleged that they lived within the city that was subjected to the resolution that plaintiffs alleged conveyed a message of hostility towards their belief. This was enough contact with the offending Resolution sufficient to show standing. *Id.* at 1053.

Finally, specificity of date and time in alleging unwelcome contact with the offending conduct is not required because feelings of marginalization and exclusion are cognizable forms of injury, particularly in the Establishment Clause context. One of the core objectives of modern Establishment Clause jurisprudence is to prevent the government from sending a message to non-adherents of a particular religion that they are not full members of the community.

By showing a purpose to favor religion, the government "sends the ... message to ... nonadherents 'that they are outsiders, not full members of the

3
SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

political community, and an accompanying message to adherents that they are insiders, favored members ....' " *Santa Fe Independent School Dist. v. Doe,* 530 U.S. 290, 309–310, 120 S.Ct. 2266, 147 L.Ed.2d 295 (2000) (quoting *Lynch v. Donnelly,* 465 U.S. 668, 688, 104 S.Ct. 1355, 79 L.Ed.2d 604 (1984) (O'CONNOR, J., concurring)).

*McCreary Cty., Ky. v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844, 860, 125 S.Ct. 2722, 162 L.Ed. 2d 729 (2005).

Coupled with the fact that this is a school issue and "students and parents of students attending public schools ... enjoy a cluster of rights vis-a-vis their schools, and thus are not merely concerned bystanders," plaintiffs' standing in this case is clear. *See Doe v. Sch. Bd. of Ouachita Parish,* 274 F.3d 289, 292 (5th Cir.2001); *see also Catholic League for Religious & Civil Rights v. City & Cty. of San Francisco*, 624 F.3d 1043, 1070 (9th Cir. 2010) ("When plaintiffs regularly attend events at which an invocation occurs, however, the plaintiffs have standing because they have been subjected to unwelcome religious exercises."). The Supreme Court has repeatedly held that children and their parents have the right to receive a public education that complies with the Establishment Clause. *See Sch. Dist. of Abington Township v. Schempp,* 374 U.S. 203, 224 n. 9, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); *People ex rel. McCollum v. Bd. of Educ.,* 333 U.S. 203, 206, 68 S.Ct. 461, 92 L.Ed. 649 (1948).

Specificity as to the date of the encounter with the offending religious conduct is not necessary to confer standing and need not be alleged nor proved. Nevertheless, as demonstrated by the supplemental declarations requested by the Court, plaintiffs have shown a direct connection to the defendants' offending policy and conduct setting forth

the dates of the meetings and the specific prayers given at those meetings. The individual plaintiffs are either employees of defendants or have children who are students within the District. All have attended and want to continue attending the School Board meetings. The plaintiffs want to attend meetings without being subject to defendants' unconstitutional prayer policy and religious conduct.

For the Court's convenience, the following chart summarizes the attendance of plaintiffs Larry Maldonado and DOEs 4, 5, 6, 7, 9, 10, 11, and 18 based on the Supplemental Declarations Filed In Support of Plaintiffs' Supplemental Brief ("Supplemental Declarations"), filed concurrently herewith:

| School Board Meeting | Plaintiffs who Attended | Prayer Given |
|---|---|---|
| February 6, 2014 | DOE 18 | Pastor Kelly Larned, Bridge Church |
| March 6, 2014 | DOE 5, DOE 6, DOE 7 | Father Mike Gilsenan, St. Paul the Apostle Catholic Church |
| March 20, 2014 | DOE 5, DOE 6, DOE 7 | Pranav Patel of BAPS Shri Swaminarayan Mandir Temple |
| May 1, 2014 | DOE 5, DOE 6, DOE 7 | David Bustamonte of Calvary Chapel |
| May 21, 2015 | DOE 5, DOE 6 | Imam Zafarullah, Ahmaddiya Muslim Community |
| June 12, 2014 | DOE 5, DOE 7 | School Board member Charles Dickie |
| July 17, 2014 | Larry Maldonado, DOE 4, | Don Jones, CVUSD employee |
| September 18, 2014 | Larry Maldonado, DOE 7 | School Board member Charles Dickie |
| October 2, 2014 | DOE 7 | Pastor Guil Misquez, Living Waters Church |
| November 20, 2014 | DOE 7, DOE 9, DOE 10, DOE 11, DOE 18 | Pastor Paul Thé, Bridge Church |

| School Board Meeting | Plaintiffs who Attended | Prayer Given |
|---|---|---|
| December 11, 2014 | DOE 9, DOE 10, DOE 11 | Pastor Nathan Goble, Chino Valley Community Church |
| February 5, 2015 | Larry Maldonado, DOE 18 | Pastor Jack Hibbs, Calvary Chapel |
| February 19, 2015 | DOE 7 | Pastor Joe McTarsney, Calvary Chapel |
| March 19, 2015 | DOE 7, DOE 9, DOE 10, DOE 11 | Pastor Dennis Cantor, Higher Ground Church |
| April 2, 2015 | Larry Maldonado, DOE 7 | School Board Member James Na |
| May 7, 2015 | DOE 7, DOE 9, DOE 10, DOE 11 | Pastor David King, Isaiah's Rock |
| May 21, 2015 | DOE 5, DOE 7 | Imam Zafarullah, Ahmaddiya Muslim Community |
| June 25, 2015 | DOE 9, DOE 10, DOE 11 | Pastor Lynn Thrush, Gateway Community Church |
| July 16, 2015 | DOE 6, DOE 7 | Pastor Jeff Kerns, Calvary Chapel |
| August 13, 2015 | DOE 6, DOE 7, DOE 9, DOE 10, DOE 11, DOE 18 | Pastor Dustin Harrison, Calvary Chapel |
| September 17, 2015 | DOE 7, DOE 9, DOE 10, DOE 11 | Pastor Sheldon Boyd, Cornerstone Community Church |
| October 1, 2015 | DOE 7 | Pastor Jason Andrews, Chino Valley Community Church |

As the Supplemental Declarations show, plaintiffs attended the School Board meetings prior to the filing of the First Amended Complaint. At those meetings they were confronted by defendant's unconstitutional prayer policy, the actual prayers, defendants' official endorsement of and engagement in open religious prayer, religious comments, readings and quoting from religious texts, and proselytizing during the

School Board meetings.[1] The Supplemental Declarations show that plaintiffs have attended School Board meetings after the filing of the First Amended Complaint as well. And they intend to do so in the future.

Defendants' prayer policy and religious conduct is offensive to plaintiffs' personal beliefs. As fully argued in plaintiffs' prior briefings in support of their Motion for Summary Judgment, defendants' prayer policy promoting religion and religious conduct sends the message that the plaintiffs are outsiders and not full members of the community. *See Cnty. of Allegheny v. Am. Civil Liberties Union Greater Pittsburgh Chapter*, 492 U.S. 573, 595, 109 S. Ct. 3086, 106 L. Ed. 2d 472 (1989) (citing *Lynch v. Donnelly*, 465 U.S. 668, 687, 104 S.Ct. 1355, 79 L.Ed.2d 604 (1984) (O'Connor, J., concurring)). It is clear that plaintiffs have Article III standing in this case.

As plaintiffs have demonstrated standing for Mr. Maldonado and DOEs 4, 5, 6, 7, 9, 10, 11, 18, the Court need not inquire into the specifics regarding standing for the remaining plaintiffs. The prior declarations demonstrate all the plaintiffs have standing even without the specificity regarding the meetings contained in the Supplemental Declarations. All plaintiffs are jointly represented and have presented joint arguments. "Nothing is gained or lost" by the institutional plaintiff (FFRF) or the other named and DOE plaintiffs continuing presence as parties. *See Doe v. Bolton*, 410 U.S. 179, 189, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973) ("[W]e need not pass upon the status of these additional appellants in this suit, for the issues are sufficiently and adequately presented

---

[1] The First Amended Complaint, Dkt No. 20, was filed on December 15, 2014.

7
SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

by Doe and the physician-appellants, and nothing is gained or lost by the presence of the [other appellants]").[2]

Accordingly, as long as one plaintiff has standing—and in this case, nine plaintiffs have submitted detailed declarations of the dates of the meetings they attended as well as the prayer they encountered—the Court ought not waste resources or address unnecessary constitutional questions regarding the other plaintiffs.

### B. PLAINTIFFS ARE ENTITLED TO AN AWARD OF NOMINAL DAMAGES.

Nominal damages are appropriate in actions regarding violations of constitutional rights. *See Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (holding that nominal damages are appropriate for deprivations of constitutional rights that do not result in actual injury); *see also Vasquez v. Los Angeles ("LA") Cty.*, 487 F.3d 1246, 1258 n.9 (9th Cir. 2007). The mere violation of the constitutional right is often the very injury to plaintiffs in §1983 cases. Proof of the value of such injury can be difficult because such injury is not readily quantifiable. Where a constitutional violation is shown, nominal damages should be awarded. *See Carey, supra*.

In *Carey*, the Court examined the elements and prerequisites for recovery of damages by students suspended from elementary and secondary schools without

---

[2] *See also Jackson County, N.C. v. FERC*, 589 F.3d 1284, 1288-89 (D.C. Cir. 2009) (When the parties "make the same arguments in joint briefs," courts "need not inquire into the standing of the other … petitioners"); *Pelphrey v. Cobb Cty., Ga.*, 547 F.3d 1263, 1280 (11th Cir. 2008) ("because one plaintiff has standing, we need not consider whether the other plaintiffs had sufficient contact with the offensive practice to establish standing.").

1  procedural due process. *See Carey, supra*, at 248. In examining the importance of the
2  right of procedural due process, the Court noted:

> Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property. Thus, in deciding what process constitutionally is due in various contexts, the Court repeatedly has emphasized that "procedural due process rules are shaped by the risk of error inherent in the truth-finding process . . . ." [citation omitted]. Such rules "minimize substantively unfair or mistaken deprivations of" life, liberty, or property by enabling persons to contest the basis upon which a State proposes to deprive them of protected interests.

*Carey, supra*, 435 U.S. at 259-60 (internal citations omitted).

Because of the importance of the constitutional right of procedural due process, the Court in *Carey* held that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Id. at* 266-67.

*Carey* was explicitly limited to procedural due process cases. First Amendment cases, especially Establishment Clause cases, are more analogous to procedural due process violations in that the violation of the right is the injury itself. Actual damages are difficult to prove in such cases because the value of the existence of the right is too difficult to measure in concrete terms. Accordingly, nominal damages should be awarded in Establishment Clause violation cases where actual damages are not or cannot be readily ascertained. *See, e.g. Vasquez v. Los Angeles ("LA") Cty.*, 487 F.3d 1246, 1258 n.9 (9th Cir. 2007) (acknowledging availability of nominal damages in

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Establishment Clause cases, relying on *Carey*); *see also Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014) *cert. denied,* 135 S. Ct. 980, 190 L. Ed. 2d 835 (2015) ("[S]uccess on the merits of his Fifth Amendment claim would entitle Jackson to an award of nominal damages."); *Schneider v. Cnty. of San Diego,* 285 F.3d 784, 794 (9th Cir.2002) (plaintiff entitled to award of nominal damages if violation of constitutional right is proven).

Accordingly, plaintiffs request for nominal damages here is appropriate.

III. CONCLUSION

For the foregoing reasons, and those set forth in plaintiffs' prior briefings, the Court should grant plaintiffs motion and enter summary judgment in their favor and against defendants.

Respectfully submitted,

Dated: November 22, 2015

_____
David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive.