Robert H. Tyler SBN 179572
Jennifer L. Bursch SBN 245512
James A. Long SBN 273735
TYLER & BURSCH, LLP
24910 Las Brisas Road, Suite 110
Murrieta, CA 92562
(951) 600-2733

Attorneys for Defendants,
Chino Valley Unified School District Board of Education, and Chino Valley Unified School District Board of Education Board Members James Na, Sylvia Orozco, Andrew Cruz, and Irene Hernandez-Blair in their official representative capacities

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., <br><br>Plaintiffs, <br><br>vs. <br><br>CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al, <br><br>Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx) <br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES <br><br>Hearing Date: April 4, 2016 <br>Hearing Time: 9:00 a.m. <br>Judge: Hon. Jesus G. Bernal <br>Courtroom: 1 Riverside |

    Defendants Chino Valley Unified School District Board of Education, and Chino Valley Unified School District Board of Education Board Members James Na, Sylvia Orozco, Andrew Cruz, and Irene Hernandez-Blair in their official representative capacities respectfully bring the following points and authorities in opposition to the motion for attorney's fees filed by Plaintiffs.

1

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 4

II. FACTS ....................................................................................................................... 4

III. PLAINTIFFS' COUNSEL SHOULD BE AWARDED LOWER HOURLY RATES ................ 5

   A. This Court Should Exercise Its Discretion to Award A Reduced Fee For Plaintiffs' Attorney's Unproductive Travel Time ....................................................................................... 7

   B. This Court Should Award A Reduced Fee for Purely Secretarial Tasks and Poorly Documented Billing, Including Block Billing ............................................................. 8

IV. ATTORNEY FEES MUST BE REASONABLE IN RELATION TO THE RESULTS OBTAINED ............................................................................................................... 11

V. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Anchondo v. Anderson, Crenshaw & Assocs., LLC* 616 F.3d 1098, 1106 (10th Cir. 2010) ................... 7

*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 n. 15 (10th Cir. 1996) ............... 9

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................................... 5, 11, 12

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) ............................. 6

*Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990) .............................................................. 6

*Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ............................................................................. 8

*Rabin v. Wilson-Coker*, 425 F.Supp.2d 269, 272 (D.Conn. 2006) ........................................................ 8

*Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983) ........................................................................... 6

*Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 944 n. 2 (9th Cir. 2007) ......................................... 9

**Statutes**

42 U.S.C. 1988 ................................................................................................................................ 4, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs bring the motion for attorney's fees pursuant to 42 U.S.C. 1988 requesting an award of attorney's fees in the sum of $197,405.00 and costs in the amount of $546.70. The requested attorney's fees are unreasonable because the hourly rates charged are greater than the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation; a reduced hourly fee should have been charged for the attorney's unproductive travel time and work performed on secretarial tasks; impermissibly vague descriptions of work performed make it impossible to determine the reasonableness of the time spent on each task; and attorney's fees were charged for hours that were not reasonably expended and unnecessary. For the reasons discussed herein, Defendants respectfully request that any award of attorney's fees be reduced.

## II.   FACTS

Plaintiffs filed this case, alleging that Defendants' policy of holding prayer in the Chino Valley Unified School District's Board of Education ("Board") meetings violated the Establishment Clause of the First Amendment. Plaintiffs sought a declaratory judgment that Defendants' conduct of prayers, Bible readings, and proselytizing at Board meetings violate Plaintiffs' rights under the Federal and California constitutions, a permanent injunction enjoining the school board and its members from continuing to violate Plaintiffs' constitutional rights, and nominal damages for past constitutional violations.

Plaintiffs' Motion for summary judgment was filed on September 28, 2015. Defendants filed a cross-motion for summary judgment on October 2, 2015. On February 18, 2016, the Court granted in part Plaintiffs' Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment. All state and federal claims against the Defendant Board and all state claims against the Defendant Board members in their individual official capacities were dismissed, as barred by the Eleventh Amendment. The

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Court also dismissed all claims against Defendant Mr. Dickie, who is no longer a member of the Board. The Court found that Plaintiffs are entitled to a declaratory judgment against the remaining Defendants in so much as the Board resolution permitting religious prayer in Board meetings, and the custom of reciting prayers, Bible readings, and proselytizing at Board meetings, constitute unconstitutional government endorsements of religion in violation of Plaintiffs' First Amendment rights.

Defendants disagree with the decision of the Court and reserve their right to appeal the decision. However, Defendants do not dispute the fact that this Court granted Plaintiffs most of the relief sought in the Complaint. Judgment was entered on behalf of the Plaintiffs on February 18, 2016. Plaintiffs filed the motion for attorney's fees on March 3, 2016.

42 U.S.C. 1988 states that this Court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Defendants oppose the attorney's fee motion because the demand is unreasonable.

Defendants also dispute allegations on page 2 of Plaintiffs' attorney's fee motion that "[B]ecause defendants refused to stipulate to a reasonable protective order permitting certain plaintiffs (primarily minors) to proceed pseudonymously, plaintiffs had to file a motion for a protective order…" In reality, Defendants did not reject the idea of a protective order. Once it became apparent that Defendants would hire Pacific Justice Institute to represent them in this case, Defendants' counsel could not agree to bind successor counsel to a protective order that such counsel had not personally negotiated. (Chidester Decl., at ¶ 19).

### III. PLAINTIFFS' COUNSEL SHOULD BE AWARDED LOWER HOURLY RATES

The amount of reasonable attorney's fees is determined by the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424 (1983*).* The initial "lodestar" is computed by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." *Id.* at 433. The party seeking an award of fees must submit

5

evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also excludes from this initial fee calculation hours that were not "reasonably expended." *Id.* at 433-34. The lodestar fee amount may then be adjusted for reasonableness based on multiple factors as identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), although many of the *Johnson* factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* at 434 n.9. (*See Johnson v. Georgia Highway Express, Inc., supra,* at 717-719*)* (holding the district court should consider 1) the "time and labor required," 2) the "novelty and difficulty of the questions," 3) the "skill requisite to perform the legal service properly," 4) the "preclusion of other employment by the attorney due to acceptance of the case," 5) the "customary fee for similar work in the community," 6) "[w]hether the fee is fixed or contingent," 7) "[t]ime limitations imposed by the client or the circumstances," 8) the "amount involved and the results obtained," 9) the "experience, reputation, and ability of the attorneys," 10) the "undesirability of the case," 11) the "nature and length of the professional relationship with the client," and 12) "[a]wards in similar cases").

The first step in setting a rate of compensation for the hours reasonably expended is to determine "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. If the lawyer seeking the fee is in private practice, his or her customary rate would be a relevant but not conclusive factor… The quality of the lawyer's performance in the case should also be considered in placing a value on his or her services." *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983). (*See also Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990) ("Common sense dictates that the 'going rate' in the community is in actuality the most critical factor in determining a reasonable fee. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation."). Absent unusual circumstances, the fee rates of the local

6

area should be applied even when the lawyers seeking fees are from another area. *Ramos v. Lamm, supra.*

Plaintiffs' attorneys' requested fee amounts are unreasonable because the hourly rates charged are greater than the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation. A lawyer in Southern California, where the litigation took place, with comparable skills, experience, and reputation charges only $275.00 per hour. (Chidester Decl., at ¶ 17). Two other attorneys, including Robert Tyler, who practice in the area of civil litigation in Riverside County with comparable skills, experience, and reputation charge only $350.00 per hour. (Cosis Decl., at ¶ 11)(Tyler Decl., at ¶ 11).

Additionally, Attorney Ms. Markert admits in her declaration at ¶16: "Due to my aforementioned skills, experience, and expertise in constitutional law and separation of church and state law specifically, I believe $500 is a reasonable hourly rate for my work." Ms. Markert's declaration is inconsistent with the hourly rate in Plaintiffs' motion for attorney's fees, which requests $550 per hour for Ms. Markert's time spent on this matter. By Ms. Markert's own admission, a reasonable hourly rate for her work should be no more than $500. As such, Ms. Markert's fees should be reduced by at least $50 per hour for a total reduction of $50 x 13.5 hours = $675.00.

### A. This Court Should Exercise Its Discretion to Award A Reduced Fee For Plaintiffs' Attorney's Unproductive Travel Time

A trial court may award compensation for an attorney's necessary travel time, but has discretion to apply a reduced hourly rate if the time is otherwise unproductive. *Anchondo v. Anderson, Crenshaw & Assocs., LLC* 616 F.3d 1098, 1106 (10th Cir. 2010). Mr. Kaloyanides claims his hourly $650 rate for time spent commuting to and from court with no indication of any other work being performed while commuting. These hours are therefore properly classified as "unproductive hours." As such, this Court should exercise its discretion to award a reduced fee in an amount the Court determines just and proper for unproductive travel as set forth in the table below.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

| Date | Description | Total Hours | Total Fee Based on $650 Hourly Rate |
|---|---|---|---|
| 6/8/15 | Travel Chino Office to USDC Riverside | .7 | $455 |
| 6/8/15 | Return travel USDC Riverside to Chino Office | .8 | $520 |
| 10/13/15 | Travel Chino Office to USDC Riverside | .8 | $520 |
| 10/13/15 | Return travel USDC Riverside to Chino Office | .9 | $585 |
| 11/16/15 | Travel Chino Office to USDC Riverside | .7 | $455 |
| | | 3.9 | $2,535 |

### B. This Court Should Award A Reduced Fee for Purely Secretarial Tasks and Poorly Documented Billing, Including Block Billing

Mr. Kaloyanides seeks compensation for time spent on clerical tasks that could be performed by a non-attorney at a much lower rate. Time spent on clerical tasks should not be billed at an attorney rate, regardless of who performs them. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Billing records must also be sufficiently detailed to allow the court to determine the nature of the work done and the need for and the amount of time reasonably required. *Rabin v. Wilson-Coker*, 425 F.Supp.2d 269, 272 (D.Conn. 2006). Multiple billing entries include block billed time Mr. Kaloyanides spent on both

8

clerical tasks (e.g. File Notice of Withdrawal of Motion) and non-clerical tasks (e.g. Draft/prepare/revise …Notice of Withdrawal of Motion). From the vague descriptions, it is not possible to determine how much time was spent on attorney tasks and how much time was spent on clerical tasks that do not require an attorney.

"Block billing is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 944 n. 2 (9th Cir. 2007), quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 n. 15 (10th Cir. 1996). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch*, 480 F.3d at 948. Block billing has been found to increase billed time by "10% to 30%". The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003). A court may reduce hours to compensate for "poorly documented" billing, including block billing. *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000).

To offset Plaintiffs' attorney's block billing for secretarial and non-secretarial time, the Defendants request that the Court reduce the block-billed hours as set forth in the table below by 20%, from 13.7 hours to a total of 10.96 hours. *See Welch*, 480 F.3d 942, 947-48 (finding a 20% reduction for block-billed hours to be reasonable).

| Date | Description | Total Hours | Total Fee Based on $650 Hourly Rate |
|---|---|---|---|
| 11/11/14 | Finalize Complaint; prepare civil case cover sheet, prepare summons, prepare corporate disclosure | 2.3 | $1,495 |

| | Date | Description | Hours | Amount |
|---|---|---|---|---|
| | | statement; prepare Attorney Civil Case Opening for CM/ECF electronic case opening. | | |
| | 11/17/14 | Read/review correspondence from opposing counsel re answer to complaint and pseudonymous plaintiff issues; draft correspondence re same. Review minute order regarding case initiation; review Court's standing order; draft correspondence to opposing counsel re Court's standing order. Prepare proof of service of case initiating documents; file. | 1.3 | $845 |

| | | | |
|---|---|---|---|
| 4/20/15 | Draft/prepare/revise and file Notice of Withdrawal of Motion | .3 | $195 |
| 5/18/15 | Draft/prepare/file Notice of Calendar Conflict | .3 | $195 |
| 5/18/15 | Draft/prepare/revise joint rule 26(f) report; prepare under seal filing; file | 4.3 | $2,795 |
| 10/18/15 | Revise/finalize reply in support of plaintiffs' motion for summary judgment; draft/prepare notice of manual filing and under seal filing re supplemental declaration | 5.2 | $3,380 |
| | | 13.7 | $8,905 |

## IV. ATTORNEY FEES MUST BE REASONABLE IN RELATION TO THE RESULTS OBTAINED

In determining the amount of a reasonable fee, "[t]he district court…should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley* v.

11

*Eckerhart*, *supra*, at 434. The burden is on the party seeking fees to demonstrate, with sufficient evidence, that the hours worked and rates claimed are reasonable. *Id.* at 433-34. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. *Id.* at 434.

Plaintiffs acknowledge on page 2 of their motion for attorney's fees that attorney time and resources were spent investigating alleged incidents of retaliation even though these alleged incidents did not result in any specific legal action. Multiple billing entries include time Mr. Kaloyanides spent researching and investigating reports of retaliation, harassment, hostility, and threats toward plaintiffs. Mr. Kaloyanides' expenditure of time and resources on these issues, which were not directly related to any of the claims alleged in the litigation, was unnecessary and unreasonable.

The Plaintiffs sought a protective order to prevent disclosure of the identities and personal identifying information of the Doe Plaintiffs "in light of the highly sensitive nature of this case, which involves the very personal issues of religious belief and lack of religious belief." The protective order was in place "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" under Federal Rules of Civil Procedure Rule 26(c). Since the protective order prevented Defendants from learning the identities of any unnamed Doe Plaintiffs, time spent investigating or researching retaliation and/or hostility toward Plaintiffs should be excluded from the fee calculation as hours that were not "reasonably expended." The court should therefore strike the time Mr. Kaloyanides spent on these matters as set forth in the table below.

| Date | Description | Total Hours | Total Fee Based on $650 Hourly Rate |
| --- | --- | --- | --- |
| 3/16/16 | Read/review/revise declarations from plaintiffs | 2 | $1300 |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

| | | | |
|---|---|---|---|
| | re motion for protective order; review/revise declaration of expert in support of motion; draft counsel's declaration; research/investigate comments by community on lawsuit; research investigate reports of retaliation/harassment/threats against plaintiffs. | | |
| 3/25/15 | Additional research/investigation re history of abuse/hostility toward plaintiffs in establishment clause/prayer cases | 2.1 | $1,365 |
| 3/29/15 | Client conference (plaintiff Maldonado) re retaliation issues; review correspondence relating to possible retaliation by local school against DOE 4 | 3.3 | $2,145 |
| | | 7.4 | $4,810 |

///

///

///

13

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

## V. <u>CONCLUSION</u>

For the above reasons, Defendants respectfully request that the Court reduce the attorney's fees sought by Plaintiffs.

DATED: March 14, 2016                    ATTORNEY OF RECORD

*/s/ R. Tyler*

_____
Robert H. Tyler
Jennifer L. Bursch
James A. Long
Attorneys for Defendants