David J. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel  (PHV)
Rebecca Markert (PHV)
E: aseidel@ffrf.org/rmarkert@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
Does 1 through 20, inclusive

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al.,<br><br>                              Plaintiffs,<br>    vs.<br><br>CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al,<br><br>                              Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx)<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date:      April 4, 2016<br>Hearing Time:      9:00 a.m.<br>Courtroom:         1 Riverside<br>                   Hon. Jesus G. Bernal |

1

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and DOES 1 through 20 inclusive hereby submit this Reply in Support of their Motion for Attorney's Fees.

Plaintiffs supplement the Motion and request that the Court award an additional amount of $10,870.00 in attorney's fees to be added to the current request for $197,405.00 related to the time involved in preparing this Reply. Plaintiffs will seek leave to supplement the Motion at the time of the hearing for any additional time reasonably related to the hearing on the Motion.

This Reply is based on the attached Memorandum of Points and Authorities, the accompanying declarations, all pleadings, papers, and records on file in this action, such matters of which the Court may take judicial notice, and on such other matters as may be presented prior to or at the hearing.

Respectfully submitted,

Dated: March 21, 2016

David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation,
Inc., Michael Anderson, Larry
Maldonado, and Does 1-20 inclusive.

2
REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

# TABLE OF CONTENT

**TABLE OF AUTHORITIES** ..................................................................**4**

**MEMORANDUM OF POINTS AND AUTHORITIES**............................................**1**

I.   PRELIMINARY STATEMENT ................................................................. 1

II.   DISCUSSION ......................................................................................... 1

    *A.   THE TIME AND RATE FOR ANDREW SEIDEL, REBECCA MARKERT
    AND RODA TORRES REMAINS UNREFUTED.* .................................... *1*

       1.   Law Clerk Roda Torres................................................... 1

       2.   Andrew Seidel.................................................................. 1

       3.   Rebecca Markert. .............................................................. 2

    *B.   DEFENDANTS OBJECTIONS TO MR. KALOYANIDES'S FEE REQUEST
    LACKS MERIT.*........................................................................... 2

       1.   The evidence and case authority establish that an hourly rate of $650.00
       for Mr. Kaloyanides is reasonable and appropriate in this case. ........................ 2

       2.   The requested rate for Mr. Kaloyanides is in line with the *Laffey* Matrix.. 5

       3.   Mr. Kaloyanides's time entries do not constitute impermissible block
       billing. .................................................................................. 7

       4.   All of the tasks identified in Mr. Kaloyanides's time entries are
       compensable................................................................................. 9

       5.   All of Mr. Kaloyanides's travel time was necessary and fully
       compensable................................................................................ 10

       4.   The time related to investigating retaliation was directly related to the
       litigation and should be compensated fully. ....................................... 10

III.   CONCLUSION ................................................................................ 12

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

1

2

# TABLE OF AUTHORITIES

*Cases*

*Benson v. Cont'l Cas. Co.,*

   592 F. Supp. 2d 1274 (C.D. Cal. 2009) ...................................................... 10

*Campbell v. Nat'l Passenger R.R. Corp.,*

   718 F.Supp.2d 1093 (N.D.Cal.2010). ......................................................... 8

*Cruz v. Alhambra Sch. Dist.,*

   601 F. Supp. 2d 1183 (C.D. Cal. 2009) ...................................................... 10

*Fischer v. SJP–P.D. Inc.,*

   214 F.3d 1115 (9th Cir.2000) ...................................................................... 7

*Fox v. Vice,*

   563 U.S. 826, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). ............................... 7

*Garnes v. Barnhardt,*

   2006 WL 249522, (N.D. Cal. Jan. 31, 2006) ............................................. 6

*Hensley v. Eckerhart,*

   461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ................................. 7

*In re HPL Techs., Inc. Sec. Litig.,*

   366 F. Supp. 2d 912 (N.D. Cal. 2005) ....................................................... 6

*Islamic Shura Council of S. California v. F.B.I.,*

   2011 WL 7144144 (C.D. Cal. Dec. 14, 2011) ............................................ 2

*Johnson v. Credit Int'l,*

   257 Fed. Appx. 8 (9th Cir. 2007); .............................................................. 10

*Kempf v. Barrett Bus. Servs., Inc.,*

    2007 WL 4167016 (N.D. Cal. Nov. 20, 2007) .......................................................... 5

*Nadarajah v. Holder,*

    569 F.3d 906 (9th Cir. 2009) ...................................................................... 10

*Parker v. Vulcan Materials Co. Long Term Disability Plan,*

    2012 WL 843623  (C.D. Cal. Feb. 16, 2012)................................................... 9

*Prison Legal News v. Schwarzenegger,*

    608 F.3d 446 (9th Cir. 2010) ................................................................ 3, 5

*Stairs v. Astrue,*

    2011 WL 2946177  (E.D. Cal. July 21, 2011) .......................................... 9

*United States v. City and County of San Francisco,*

    748 F. Supp. 1416 (N.D. Cal. 1990) ......................................................... 10

*Van Orden v. Perry,*

    545 U.S. 677, 125 S. Ct. 2854, 162 L. Ed. 2d 607 (2005)............................................. 7

*Welch v. Metropolitan Life Ins. Co.,*

    480 F.3d 942 (9th Cir. 2007) ...................................................................... 3

*Other Authorities*

U.S. Office of Personnel Management, 2016 Locality Pay Definitions........................ 6

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

I. PRELIMINARY STATEMENT

Plaintiffs' Motion for Attorney's Fees has presented substantial and competent evidence to support not only the time expended but the reasonable lodestar hourly rate for each lawyer and the one law clerk in this case. Defendants' Opposition to Plaintiffs' Motion for Award of Attorney's Fees ("Opposition") fails to provide any authority to support their argument against the requested award, and in addition, fails to present any evidence sufficient to counter Plaintiffs' substantial showing that the time expended was reasonable and the Lodestar hourly rates requested are reasonable.

Accordingly, the Court should grant Plaintiffs' requested award of $197,405.00 plus an additional $10,870.00 in additional attorney's fees for the time spent preparing this Reply, for a total of $208,275.00, along with $546.70 in costs.

II. DISCUSSION

### A. THE TIME AND RATE FOR ANDREW SEIDEL, REBECCA MARKERT AND RODA TORRES REMAINS UNREFUTED.

#### 1. Law Clerk Roda Torres.

As Defendants failed to dispute the requested award for Plaintiffs' law clerk, the Court should 127.2 hours at $200.00 per hour for a total of $25,440.00 for Ms. Torres.

#### 2. Andrew Seidel.

Similarly, Defendants failed to dispute the time or the rate for Mr. Seidel. Defendants failed to present argument to dispute $500.00 per hour as a reasonable rate.[1]

---

[1] The only apparent objection to Mr. Seidel's rate comes in the unsubstantiated and inadmissible opinion of Robert Tyler. In his declaration he opines without any support

1

Accordingly, Mr. Seidel should be awarded the full amount of his time (74.8 hours) at $500.00 for a total award of $37,400.00.

### 3.  Rebecca Markert.

Similarly, Defendants have failed to counter Plaintiffs' evidence regarding the time and rate for Ms. Markert. Defendants argue only that Ms. Markert's rate should be reduced from $550.00 to $500.00 because Ms. Markert expressed her view that her reasonable rate was $500.00. (*See* Opposition, at 7). However, Plaintiffs presented evidence and authority that the reasonable hourly rate for a lawyer with her experience and skill as the legal director for FFRF is $550.00 in the Central District. *See Islamic Shura Council of S. California v. F.B.I.*, 2011 WL 7144144, at *2 (C.D. Cal. Dec. 14, 2011) (deputy legal director for ACLU hourly rate of $550.00 reasonable in Los Angeles legal market) *vacated on other grounds*, 725 F.3d 1012 (9th Cir. 2013) *withdrawn and superseded on denial of reh'g en banc*, 757 F.3d 870 (9th Cir. 2014) *and vacated on other grounds*, 757 F.3d 870 (9th Cir. 2014).

Therefore, the Court should award to Ms. Markert's her full time (13.5 hours) at $550.00 per hour for a total award of $7,425.00.

### B.  DEFENDANTS OBJECTIONS TO MR. KALOYANIDES'S FEE REQUEST LACKS MERIT.

### 1.  It remains unrefuted that Mr. Kaloyanides's reasonable rate is $650.00.

Defendants misunderstand the appropriate market rate in federal litigation. Here, the market is not limited to the county in which the United States District Court sits.

---

that Mr. Seidel's reasonable rate should be $250.00. Mr. Tyler's "belief" is not proper opinion testimony, and he presents no evidence to support such a rate.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

1    Rather, it is the district itself. The reasonable rate for an award of attorney's fees is based

2    on the market for the district as a whole. *See e.g. Prison Legal News v. Schwarzenegger*,

3    608 F.3d 446, 454-55 (9th Cir. 2010).[2]

4         Defendants have submitted three declarations—Margaret Chidester, Nicolaie

5    Cocis, and Mr. Tyler himself—purporting to establish a reasonable hourly rate for Mr.

6    Kaloyanides. Each declaration is inadmissible on this issue because each contains

7    improper lay opinion testimony about the market rate for the incorrect market area,

8    namely Riverside County.[3] The inadmissible lay opinion of these three lawyers—all who

9    are closely tied to each other and Defendants—states nothing more than what they

10   charge their own privately retained clients can afford to pay.[4]  Notably, the only Ninth

11   Circuit case Defendants cite in their opposition, *Welch v. Metropolitan Life Ins. Co.*, 480

12   F.3d 942 (9th Cir. 2007), holds that the market rate overall, not what an individual

13   attorney charges, is the relevant inquiry for the reasonable lodestar rate. *See id.*, at 946.

14   And here, the market area is the Central District, not merely one county within it. *See*

15   *Prison Legal News, supra*. Defendants' declarations are, therefore, irrelevant.

16

17   _____

18   [2] In fact, Defendants failed to address any of the authorities Plaintiffs cited in which the
19   Court in this District found that $650.00 per hour was the reasonable hourly rate for
     attorneys with Mr. Kaloyanides's experience and skill.
20   [3] Concurrently filed herewith is Plaintiffs Objection to Declarations in Support of
     Defendants' Opposition.
21   [4] It is curious that Defendants argue that Ms. Markert's rate should be reduced to
     $500.00 per hour and Mr. Kaloyanides should be reduced to $350.00 per hour where Mr.
22   Kaloyanides has been in practice nearly three times longer than Ms. Markert, Mr.
     Kaloyanides is a Certified Specialist in Criminal Law, certified by the California Board
23   of Legal Specialization, that Mr. Kaloyanides has extensive experience in complex
     federal litigation including prior First Amendment Establishment Clause litigation in this
24   Court.

25                                    _____ 3 _____
     REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
26

1    Defendants have failed to show the reasonable market rate for an attorney with

2    the same experience or skill level of Mr. Kaloyanides. Defendants have presented no

3    evidence showing that Ms. Chidester, Mr. Cocis or Mr. Tyler are of comparable to the

4    experience and skill of Mr. Kaloyanides.

5    Ms. Chidester's practice is limited to representing school districts. Curiously

6    absent from her declaration is the fact that she regularly represents Defendants here in

7    many of their other legal matters. It is clear from her declaration that her practice is

8    primarily in state court to the extent it involves any litigation. What is clear is that she

9    has little federal court experience.

10   According to PACER for the Central District of California, Ms. Chidester has

11   been counsel of record in only 9 cases in the Central District. (In three additional cases,

12   Ms. Chidester was listed as counsel because she was also a defendant in the case). In

13   most of these federal cases, she was merely one of several other law firms representing

14   defendants, and it is clear from the filings and proceedings that the other attorneys

15   performed the bulk of the work. It appears that Ms. Chidester has never tried a case in

16   the Central District. (*See* Kaloyanides Decl., at ¶¶ 3-6).

17   The declaration of Nicolaie Cocis is equally unavailing as it too presents no

18   admissible evidence concerning the reasonable rate for an attorney with Mr.

19   Kaloyanides's experience and skill. Mr. Cocis is seven years junior to Mr. Kaloyanides.

20   By his own declaration, his practice is principally state court. According to PACER, he

21   is listed as counsel of record in the Central District in only 6 cases. In two cases where

22   the issue involved a civil rights matter, Mr. Cocis was co-counsel with Mr. Tyler,

23   Defendants' new lawyer here. In the third case, Mr. Cocis was simply listed a local

24

25   _____4_____
     REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

26

counsel for out-of-state lawyers who, according to PACER, handled most of the work. He also has never tried a case in the Central District. (*See* Kaloyanides Decl., at ¶¶ 7-9).

While Mr. Cocis apparently is an accomplished state court criminal defense practitioner, Defendants have not presented any evidence to demonstrate that he has the comparable relevant skill or experience of Mr. Kaloyanides. Mr. Cocis is not a Certified Specialist in Criminal Law, and his federal experience does not compare with that of Mr. Kaloyanides.

Mr. Tyler's declaration fares no better. While he has more experience in civil rights cases than Chidester or Cocis, his declaration lacks any relevant or admissible evidence concerning the market rate in the Central District for an attorney similar to Mr. Kaloyanides. His experience in federal litigation is far less than that of Mr. Kaloyanides. And his belief regarding a reasonable rate is simply not evidence. Plaintiffs' evidence that $650.00 is the reasonable rate for Mr. Kaloyanides remains unrefuted.

2.   The requested rate for Mr. Kaloyanides is in line with the *Laffey* Matrix.

Several district courts have looked to the *Laffey* Matrix as another factor in determining the reasonable lodestar hourly rate. Although the Ninth Circuit has questioned use of the Matrix as the sole determiner of a reasonable rate because it is based on prevailing rates in Washington D.C. federal courts, employing the Matrix is a matter of the District Court's discretion. *See Prison Legal News, supra*, 608 F.3d at 454. And District Courts have found the Matrix to be a reasonable starting point. *See Kempf v. Barrett Bus. Servs., Inc.*, 2007 WL 4167016, at *5 (N.D. Cal. Nov. 20, 2007) *aff'd*, 336 F. App'x 658 (9th Cir. 2009) (*Laffey* Matrix provides "objective guidance in appropriate hourly rates"); *Garnes v. Barnhardt*, 2006 WL 249522, at *7 (N.D. Cal. Jan.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

31, 2006) (*Laffey* Matrix recognized as reliable source for attorney's fee rates varying by experience level); *In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005) ("One well-established objective source for rates that vary by experience is the *Laffey* matrix.")

Here the Matrix shows the hourly rate for attorneys with over 20 years experience in 2015-2016 at $796.00 in the D.C. (Kaloyanides Decl., at ¶11, Ex. 1). The pay differential for federal districts is adjusted by location. For D.C., the 2016 location differential is 24.78%. For the Central District of California, the 2016 location differential is 27.65%. (Kaloyanides Decl., at ¶12, Ex. 2). According to the U.S. Office of Personnel Management, the Central District of California is treated as one locality area and includes the counties of Los Angeles, Orange, San Bernardino, Riverside, Santa Barbara, Ventura, and Kern. (*See* U.S. Office of Personnel Management, 2016 Locality Pay Definitions, accessible at https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2016/locality-pay-area-definitions/#LA-CA).

The pay location differential for the Central District is 2.87% higher than that in D.C. Taking this differential into account, the Matrix rate of $796.00 in D.C. would increase to $818.85 in the Central District of California.[5]

Considering the nature of this case, the hostility of those in the majoritarian religion toward plaintiffs in Establishment Clause cases generally, along with novelty of

---

[5] The United States Attorney's Office has a revised methodology *Laffey* Matrix for the 2015-2016 year. That matrix places the D.C. lodestar hourly rate at $530.00 per hour for attorneys with 21 to 30 years of experience. (Kaloyanides Decl., at ¶ 13, Ex. 3). Adjusting this lower rate for the locality differential for the Central District of California by the same 2.87%, the rate pursuant to the USAO Matrix would be $545.21 per hour.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

the issues in this litigation, (*see Van Orden v. Perry*, 545 U.S. 677, 747, 125 S. Ct. 2854, 162 L. Ed. 2d 607 (2005) (O'Connor, J., dissenting)), $650.00 per hour is in line with a reasonable hourly rate for Mr. Kaloyanides. It is between the lower USAO Matrix and the *Laffey* Matrix rates. More importantly, $650.00 is in line with rates that Courts in this District have found to be reasonable.

   3.  <u>Mr. Kaloyanides's time entries do not constitute impermissible block billing.</u>
   Defendants misconstrue the concern behind block billings. It is the specificity and detail of the time entry that matters, not whether several tasks are listed together. The question for the Court is whether the entry provides a meaningful way to evaluate the reasonableness of what was done.

   [T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

   *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011).

   Combining descriptions is entirely proper as long as the description meets the requirement of "listing his hours and identifying the general subject matter of his time expenditures." *Fischer v. SJP–P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir.2000) (internal quotations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that although the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," an applicant is "not required to record in great detail how each minute of his time was expended"). The

1  Court should not reduce compensation for allegedly block-billed hours where the entries

2  are "detailed enough for the Court to assess the reasonableness of the hours billed."

3  *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F.Supp.2d 1093, 1103 (N.D.Cal.2010).

4  Each time entry to which Defendants object contains detailed and specific

5  explanation. And the time expended is modest for the work performed. For example, the

6  November 11, 2014 entry describes the final preparation of the complaint for filing

7  including all the related filings required by the Court's Local Rules. Similarly, the

8  November 17 entry describes specifically several related tasks. The description provides

9  ample information for the Court to determine the reasonableness of the work, and the 1.3

10  hours claimed is modest for the work performed.

11  None of the entries for April 20, May 18, or October 18 contain block billing.

12  Each entry includes one task. The description for April 20 states "Draft/prepare/revise

13  Notice of Withdrawal of Motion" for 0.3 hours. The entry for May 18 states

14  "Draft/prepare/file Notice of Calendar Conflict" also for 0.3 hours. The subsequent and

15  *separate* entry on May 18 entry states "Draft/prepare/revise joint rule 26(f) report;

16  prepare under seal filing; file." None of these descriptions contain more than one task.

17  Even the two-part work for the Joint Rule 26(f) Report cannot be said to contain block

18  billing. Defendants well-know that the Joint Rule 26(f) Report in this case included

19  information subject to the protective order and, therefore, had to be filed under seal. If

20  Defendants' counsel were experienced in federal practice in this District as they claim,

21  they would know that to file under seal requires additional and separate pleadings.[6]

22  _____

23  [6] Moreover, plaintiffs' counsel did break out unrelated entries for May 18. The time

24  entry for the Notice of Calendar Conflict and the joint rule 26(f) report were separate
   entries with distinct time entries. Defendants' objections are clearly frivolous.

25  _____ 8 _____

   REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

26

1     Furthermore, the October 18 entry describes in detail work relating to the reply

2  brief in support of plaintiffs' motion for summary judgment and the supplemental

3  information the Court requested. Those declarations also were subject to the Protective

4  Order and were required to be filed under seal.

5     Defendants have failed to show how any of these entries are not detailed or clear

6  enough to permit the Court to determine their reasonableness. In light of the specificity

7  and the requirements for billing entries for attorney's fee claims, one must ask what

8  more would Defendants require?

9

10     4.  <u>All of the tasks identified in Mr. Kaloyanides's time entries are compensable.</u>

    Defendants next make the sweeping conclusory assertion that Mr. Kaloyanides

11  billed for clerical tasks without identifying which, if any, tasks were not compensable.

12  The fact that a lawyer combines tasks not strictly considered "legal work" along with the

13  normal functions of counsel does not preclude recovery of fees for such work. *See e.g.,*

14  *Parker v. Vulcan Materials Co. Long Term Disability Plan*, 2012 WL 843623, at *5

15  (C.D. Cal. Feb. 16, 2012) (award of attorneys' fees proper for "various sub-tasks

16  involved in preparing and filing a notice of appeal, including filling out the notice of

17  appeal form, requesting a transcript, and preparing a representation form."); *Stairs v.*

18  *Astrue*, 2011 WL 2946177, at *2 (E.D. Cal. July 21, 2011) *aff'd sub nom. Stairs v.*

19  *Comm'r of Soc. Sec.*, 522 F. App'x 385 (9th Cir. 2013) ("preparation of service

20  documents, filing proof of service and completion of the consent form" are

21  "compensable [attorney] tasks").

22

23  _____

24

25  9
REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

26

5. <u>All of Mr. Kaloyanides's travel time was necessary and fully compensable.</u>

Defendants also argue that Mr. Kaloyanides should not be compensated fully for travel time. Yet again, Defendants have presented no authority to support this contention. District courts routinely award fees for time spent traveling. *See Nadarajah v. Holder*, 569 F.3d 906, 924 (9th Cir. 2009) (attorney travel time is included in fee award); *Johnson v. Credit Int'l*, 257 Fed. Appx. 8, 10 (9th Cir. 2007); *Benson v. Cont'l Cas. Co.*, 592 F. Supp. 2d 1274, 1280 (C.D. Cal. 2009); *Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1200 (C.D. Cal. 2009). And courts award the attorney's full hourly rate for travel time so long as the travel is necessary. *See United States v. City and County of San Francisco*, 748 F. Supp. 1416, 1422 (N.D. Cal. 1990) ("Reasonable attorneys' fees include reasonable travel time compensated at the full hourly rate.").

Each of Mr. Kaloyanides's time entries related to travel were for required court appearances. Curiously, Defendants object to the travel time on June 8 relating to the Court ordered Scheduling Conference—a hearing at which Defendants' counsel failed to appear and was nearly sanctioned.

Defendants objections are devoid of support in the facts and the law. The Court should award Mr. Kaloyanides the full amount of his fees including travel time.

4. <u>The time related to investigating retaliation was directly related to the litigation and should be compensated fully.</u>

Defendants object to the time Mr. Kaloyanides spent investigating retaliation by Defendants against the minor DOE plaintiffs as well as research he performed relating to general hostility toward non-religious plaintiffs in Establishment Clause cases. Because investigation did not result in legal action and as there was a Protective Order in place,

10

1  Defendants argue there was no need for this work. Simply put, Defendant's are wrong

2  on the facts.

3      First, investigation into allegations of retaliation against minors and their parents

4  by Defendants or their employees is always a relevant and necessary part counsel's

5  representation. Any attempt to intimidate a party from pursuing legal redress requires

6  immediate action by counsel. Where the plaintiffs are minors and in the care and control

7  of Defendants' employees (teachers and school administrators), any such attempt to

8  intimidate is all the more serious. Investigating the allegations and making formal

9  demands are the measured and reasonable approach. And that is precisely what took

10  place here. That no specific legal proceeding was initiated is irrelevant. Counsel's duty

11  to his clients demanded the steps taken here. Notably, each time counsel raised the

12  concern of retaliation, the conduct of Defendants' employees ceased.

13      Moreover, such intimidation conduct raised the very real concern that Defendants

14  had violated the Protective Order. The investigation into the allegations was a far more

15  reasonable approach than pursuing contempt proceedings. Investigation into violations

16  of a Protective Order are directly related to the litigation and entirely reasonable. This

17  work should be compensated fully.

18      Defendants second objection makes no sense. Defendants assert the work

19  performed researching retaliation and hostility toward Plaintiffs in Establishment Clause

20  cases was unnecessary because "the protective order prevented Defendants from

21  learning the identities of any unnamed Do Plaintiffs." (Opp. at 12). The motion for the

22  protective order was filed March 30, 2015. The research at issue took place *prior* to the

23  filing of that motion. As Defendants well-know, there was no protective order in place at

24  the time because of Defendants' own dilatory tactics. Nothing was guarding against the

_____
11

25  REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

26

very harm Plaintiffs' counsel was seeking to prevent by brining the motion for the Protective Order. Defendants' objection to any of this work is simply absurd.[7]

III.   CONCLUSION

Defendants have failed to present any authority or evidence to counter the reasonableness of Plaintiffs' attorney's fee claim.  The rates requested and the time spent are substantiated by sufficient evidence. Therefore, for the foregoing reasons and those set forth in Plaintiffs' moving papers, the Court should award $197,405.00 and costs in the amount of $546.70, along with the additional amount of $10,270.00 for Mr. Kaloyanides's time and $600.00 for Ms. Torres' time spent on this Reply for a total award of $208,275.00 in fees and $546.70 in costs. Plaintiffs will seek leave to amend this request to include additional time expended as a result of the hearing on this Motion.

Respectfully submitted,

Dated: March 21, 2016

David L. Kaloyanides
Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs

---

[7] Ms. Chidester states in her declaration that there was no unreasonable delay caused in securing the Protective Order by stipulation because Defendants were always willing to stipulate. This is not true. Defendants refused to stipulate to Plaintiffs' proposed Protective Order, modifying it on several occasions. Finally, after two months of negotiating, Plaintiffs agreed to stipulate to Defendants' conditions. At that time Chidester refused to stipulate because new counsel would be retained. (Kaloyanides Decl. 14-19). Her conduct was clearly calculated and dilatory. The additional time Plaintiffs' counsel expended as a result should be compensated.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES