David J. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel  (PHV)
Rebecca Markert (PHV)
E: aseidel@ffrf.org/rmarkert@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
Does 1 through 20, inclusive

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al.,<br><br>  Plaintiffs,<br>vs.<br><br>CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al,<br><br>  Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx)<br><br>PLAINTIFFS' OBJECTION TO THE DECLARATIONS IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE MOTION FOR ATTORNEY'S FEES<br><br>Hearing Date:   April 4, 2016<br>Hearing Time:  9:00 a.m.<br>Courtroom:      1 Riverside<br>                        Hon. Jesus G. Bernal |

Plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 inclusive, by and through their attorney of record in this

---
1
PLAINTIFFS' OBJECTION TO DEFENDANTS' DECLARATIONS

case, David J. Kaloyanides, hereby object to each of the three Declarations in support of the Defendants' Opposition to Plaintiffs' Motion for Attorney's Fees.

Plaintiffs object to the Declarations of Robert Tyler, Nicolaie Cocis, and Margaret Chidester as irrelevant, improper opinion testimony, and lacking foundation.

      1.    *Objection: Relevance.*

The following paragraphs in Defendants Declarations are irrelevant:

Declaration of Robert Tyler, ¶¶ 9-12.

Declaration of Nicolaie Cocis, ¶ 11.

Declaration of Margaret Chidester, ¶ 17.

Relevant evidence is evidence that has any tendency to make a fact more or less probable than without that evidence and the fact is of consequence in determining the action. *See* Fed.R.Evid. 401. Only relevant evidence is admissible. *See* Fed.R.Evid. 402.

The issue for Plaintiffs' Motion for Attorney's fees is what is a reasonable hourly rate for each of Plaintiffs' lawyers. This requires showing what the market rate is for lawyers of comparable skill and experience. Here, the proper market is the Central District of California.

The specific hourly rates each declaration states as reasonable is not relevant to the determination of the market rate for an attorney of comparable skill and experience. First, each declaration only identifies an hourly rate each attorney charges their own private clients in the Riverside area. The market rate relevant for the purposes of an attorney's fee award is the Central District of California, not the county of Riverside.

The declarations include rates only for these lawyers' private clients in state court. Accordingly, each declarations fails to present any evidence relevant to the reasonable rate in federal court.

Finally, none of the declarations set forth any evidence showing that any of the three lawyers who are the declarants are of the same skill and experience as Plaintiffs' lawyers.

Accordingly, each of the declarations fail to present any evidence that tends to show what the reasonable rate in the Central District of California is for each attorney of comparable skill and experience as that of each of Plaintiffs' lawyers.

### 2. *Objection: Lacks Foundation*

As to the reasonable hourly rate in the market, all three declarations lack foundation. A witness may testify only if evidence shows that the witness has personal knowledge of the matter. *See* Fed.R.Evid. 602.

The declarations only discuss the personal knowledge and experience of each individual attorney in the context of state court practice in Riverside. None of the declarations set forth any evidence to show that any of the declarants have knowledge of attorney rates in federal practice in the Central District of California for attorney's of skill and experience comparable to that of each of Plaintiffs' lawyers.

### 3. *Objection: Improper Lay Opinion*

Each of the declarations contain improper and inadmissible lay opinion. A non-expert witness may only testify in the form of opinion if that opinion is (a) rationally based on the witness's perception; (b) assists in understanding the witness's own

1  testimony or to determining a fact in issue; and (c) is not based on scientific, technical,
2  or other specialized knowledge under Rule 702. *See* Fed.R.Evid. 701.

3      The declarations fail to establish that any of the declarants are proper experts on
4  the issue in this matter, namely, the reasonable rate for attorneys of similar skill as
5  Plaintiffs' attorneys in federal court in the Central District of California. Accordingly,
6  none of the declarants qualify as experts under Federal Rule of Evidence 702. Their
7  opinions are, therefore, lay opinion only.

8      Each declarant states nothing more than what they believe is a reasonable hourly
9  rate. Belief is opinion, not fact. It is not evidence. As the reasonable hourly rate for an
10 attorney's fee award is based on particular technical knowledge of the market, a belief as
11 to what is reasonable by a non-expert witness is improper and, therefore, inadmissible.

12     Accordingly, paragraphs 9-12 of the Declaration of Robert Tyler, paragraph 11 of
13 the Declaration of Nicolaie Cocis, and paragraph 17 of the Declaration of Margaret
14 Chidester are inadmissible. There is no other relevant purpose for the remaining
15 paragraphs in any of the declarations and, therefor, the Court should strike the three
16 declarations.

17     Respectfully submitted,

19 Dated: March 21, 2016

    David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs

4
PLAINTIFFS' OBJECTION TO DEFENDANTS' DECLARATIONS