1   TYLER & BURSCH, LLP
2   Robert H. Tyler, CA Bar No. 179572
    rtyler@tylerbursch.com
3   Jennifer L. Bursch, CA Bar No. 245512
4   jbursch@tylerbursch.com
    24910 Las Brisas Road, Suite 110
5   Murrieta, California  92562
6   Tel:  (951) 600-2733
7   Fax:  (951) 600-4996

8   Attorneys for Defendants, **CHINO**
9   **VALLEY UNIFIED SCHOOL**
    **DISTRICT, et al.**
10

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                    **EASTERN DIVISION**

14

| | |
|---|---|
| 15  FREEDOM FROM RELIGION | Case No.:  EDCV 14-2336-JGB (DTBx) |
| 16  FOUNDATION, INC.; DOE 1, a minor by and through his/her guardian; DOE 2, and | |
| 17  DOE 2 individually; DOE 3 and DOE 4, | **DEFENDANTS NOTICE OF MOTION AND MOTION TO STAY** |
| 18 | **ENFORCMENT OF ATTORNEY'S FEES AND APPROVAL OF** |
| 19  Plaintiffs, | **PROPOSED BOND PURSUANT TO** |
| 20  vs. | **FRCP 62** |
| 21  CHINO VALLEY UNIFIED SCHOOL | Hearing: |
| 22  DISTRICT BOARD OF EDUCATION; and | Date:      June 13, 2016 |
| 23  CHINO VALLEY UNIFIED SCHOOL BOARD OF EDUCATION BOARD | Time:      9:00 a.m. |
| 24  MEMBERS JAMES NA, SYLVIA | Ctrm:      1 |
| 25  OROZCO, CHARLES DICKIE, ANDREW | Judge:     Honorable Jesus G. Bernal |
| 26  CRUZ, IRENE HERNANDEZ-BLAIR, in their official representative capacities, | |
| 27 | |
| 28  Defendants. | |

**DEFENDANTS NOTICE OF MOTION TO STAY ENFORCEMENT OF**         **EDCV 14-2336-JGB (DTBx)**
**ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND**

### NOTICE

PLEASE TAKE NOTICE THAT on JUNE 13, 2016 at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-titled Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, in Courtroom 1 before the Honorable Judge Jesus G. Bernal, Defendants Chino Valley Unified School District Board of Education, et al. (collectively, "Defendants" or "CVUSD") will move this court to stay the enforcement of attorney's fees pending appeal and approval of proposed bond pursuant to Rule 62 of the Federal Rules of Civil Procedure, against Plaintiffs Freedom From Religion Foundation, Inc., et al. (collectively "Plaintiffs").

This motion is based on the accompanying Memorandum of Points and Authorities, along with the Declaration of Robert H. Tyler, the attached exhibits, and the [Proposed] Order.

### RELIEF REQUESTED

Defendants submit this motion pursuant to Rules 62(b) and 62(d) of the Federal Rules of Civil Procedure for entry of an order (1) staying enforcement of attorney's fees awarded to Plaintiffs on or about March 31, 2016 by the Honorable Judge Jesus G. Bernal ("Judge Bernal") and (2) approving the proposed bond. (Attached hereto as Exhibit "A" and hereinafter cited to as "the Bond".)

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

On November 13, 2014, Plaintiffs filed the underlying action against the Defendants. The Plaintiffs ultimately prevailed on certain civil rights violations and sought an award of attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988. Plaintiffs were awarded attorney's fees in the amount of $202,425.00. (Judge Bernal's order, attached hereto as Exhibit "B") Defendants filed a notice of appeal of the trial court's decision on the merits of the case on or about March 16, 2016. On or about April 26, 2016, International Fidelity Insurance Company provided the Bond on behalf of thedefendants

DEFENDANTS NOTICE OF MOTION TO STAY ENFORCEMENT OF
ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND

EDCV 14-2336-JGB (DTBx)

1  in the amount of $225,000.00. Defendants request the court approve the Bond and stay
2  the enforcement of the attorney's fees award pending the appeal.

3  **II.   ARUGMENT**

4      **A.   Legal Standard**

5      "A party taking an appeal from federal district court is entitled to a stay of money
6  judgment as a matter of right if he posts bond in accordance with these rules. (*American*
7  *Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* 87 S.Ct. 1, 3
8  (1966)) (*citing* Fed. R. Civ. P. 62(d) and 73(d).) Rule 62(d) of the Federal Rules of Civil
9  Procedure provide that Defendants may obtain a stay of execution of judgment pending
10 appeal by posting a supersedeas bond in an amount approved by the court. L.R. 65-2
11 permits the clerk to approve all bonds or undertakings given in the form and amount
12 prescribed by statute and that are in conformance with L.R. 65-3 and L.R. 65-5.

13     Here, the Defendants have provided a proposed supersedeas bond as a result of
14 the pending appeal. The rules require that the amount of the bond be approved by the
15 court. (Fed. R. Civ. P. 62(d)). The amount of the Bond, as discussed below, exceeds the
16 amount of the judgment. Furthermore, the Bond states the California address for
17 International Fidelity Insurance Company, the Bond is notarized, the Bond contains a
18 valid power of attorney, and the Bond unequivocally obligates International Fidelity
19 Insurance Company to pay the Bond amount to the Plaintiffs. (*See* "the Bond"; L.R. 65-
20 3.) Because the Bond complies with the rules, the court should approve it. (*See* L.R. 65-
21 2; "Robert H. Tyler's Certificate of Attorney", prepared pursuant to L.R. 65-5 and
22 attached hereto as Exhibit "C") Therefore, because the Bond should be approved, the
23 Defendants are entitled to a stay of the enforcement of the attorney's fees award during
24 the pendency of the appeal.

25     **B.   The Proposed Bond is More Than Adequate Security for the**
26         **Judgment**

27     Through this motion, Defendants request entry of an order staying enforcement
28 of the attorney's fees during the pendency of appeal, including proceedings before the

DEFENDANTS NOTICE OF MOTION TO STAY ENFORCEMENT OF           EDCV 14-2336-JGB (DTBx)
ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND

Ninth Circuit Court of Appeals and the United States Supreme Court. (*See* Fed. R. Civ. P. 62(b) and (d).) There is no local rule governing the monetary amount the Defendants are required to post. However, the Defendants, through its insurance have submitted a proposed supersedeas bond in the amount of $225,000. (the Bond.) The amount of the Bond exceeds the attorney's fees award by roughly $23,500. The Plaintiff is fully secured by the Bond, including the actual amount of the award and any potential interest that could accrue on the award should the court see fit to award post-judgment interest. There is simply no reason to deny the Bond, and therefore, the clerk, pursuant to L.R.s 65-2 and 65-5, should approve the Bond.

## III.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the court enter an order approving the Bond and staying the enforcement of the attorney's fees award pending the appeal.

Respectfully submitted,

TYLER & BURSCH, LLP

Dated: May 4, 2016

/s/ Robert H. Tyler

Robert H. Tyler
Attorneys for Defendants **CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, and CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION BOARD MEMBERS JAMES NA, SYLVIA OROZCO, CHARLES DICKIE, ANDREW CRUZ, and IRENE HERNANDEZ-BLAIR**

EXHIBIT "A"

## International Fidelity Insurance Company
Address for Service: 2999 Oak Road, #820, Walnut Creek, CA 94597

Bond No. 0663961
Premium: $4,275.00 annually

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREEDOM FROM RELIGION | ) | |
| FOUNDATION, INC., ET AL. | ) | |
|     Plaintiffs, | ) | Case No. EDCV 14-2336-JGB (DTBx) |
| Vs. | ) | |
| CHINO VALLEY UNIFIED | ) | |
| SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, ET AL. | ) | |
|     Defendants. | ) | |

WHEREAS, the above defendant desires to give an undertaking for Appeal provided by Federal Rule of Civil Procedure 62(d).

NOW, THEREFORE, International Fidelity Insurance Company, a corporation duly incorporated under the laws of New Jersey and authorized to do business in the State of California, as surety, does hereby obligate itself to the above plaintiffs under said statutory obligations, in the sum of Two Hundred Twenty Five Thousand and 00/100 Dollars ( $225,000.00).

In no event shall the Surety's liability under this bond exceed the penal sum of Two Hundred Twenty Five Thousand and 00/100 Dollars ($225,000.00).

Signed and Sealed this 26th day of April, 2016.

International Fidelity Insurance Company

By: _____
Arturo Ayala, Attorney-In-Fact

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
County of Orange

On April 26th, 2016 before me, Karen L. Ritto, Notary Public, personally appeared Arturo Ayala who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PURJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

KAREN L. RITTO
COMM. #2138527
Notary Public-California
ORANGE COUNTY
My Comm. Expires Dec 30, 2019

Tel (973) 624-7200

# POWER OF ATTORNEY

## INTERNATIONAL FIDELITY INSURANCE COMPANY
## ALLEGHENY CASUALTY COMPANY

Bond No. 0663961

ONE NEWARK CENTER, 20TH FLOOR NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing under the laws of the State of New Jersey, **and ALLEGHENY CASUALTY COMPANY** a corporation organized and existing under the laws of the State of Pennsylvania, having their principal office in the City of Newark, New Jersey, do hereby constitute and appoint

ANDREW WATERBURY, DWIGHT REILLY, ARTURO AYALA, DANIEL HUCKABAY

Orange, CA.

their true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by their regularly elected officers at their principal offices.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of the By-Laws of INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY and is granted under and by authority of the following resolution adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting duly held on the 20th day of July, 2010 and by the Board of Directors of ALLEGHENY CASUALTY COMPANY at a meeting duly held on the 15th day of August, 2000:

"RESOLVED, that (1) the President, Vice President, Chief Executive Officer or Secretary of the Corporation shall have the power to appoint, and to revoke the appointments of, Attorneys-in-Fact or agents with power and authority as defined or limited in their respective powers of attorney, and to execute on behalf of the Corporation and affix the Corporation's seal thereto, bonds, undertakings, recognizances, contracts of indemnity and other written obligations in the nature thereof or related thereto; and (2) any such Officers of the Corporation may appoint and revoke the appointments of joint-control custodians, agents for acceptance of process, and Attorneys-in-fact with authority to execute waivers and consents on behalf of the Corporation; and (3) the signature of any such Officer of the Corporation and the Corporation's seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seals when so used whether heretofore or hereafter, being hereby adopted by the Corporation as the original signature of such officer and the original seal of the Corporation, to be valid and binding upon the Corporation with the same force and effect as though manually affixed."

IN WITNESS WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY have each executed and attested these presents on this 22nd day of July, 2014.

STATE OF NEW JERSEY
County of Essex



ROBERT W. MINSTER
Chief Executive Officer (International Fidelity Insurance Company) and President (Allegheny Casualty Company)

On this 22nd day of July 2014, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY ; that the seals affixed to said instrument are the Corporate Seals of said Companies; that the said Corporate Seals and his signature were duly affixed by order of the Boards of Directors of said Companies.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 16, 2019

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Sections of the By-Laws of said Companies as set forth in said Power of Attorney, with the originals on file in the home office of said companies, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this     26th          day of   April, 2016

MARIA BRANCO, Assistant Secretary

EXHIBIT "B"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 14-2336-JGB (DTBx)** | Date | March 31, 2016 |
| Title | *Freedom From Religion Foundation, Inc., et al. v. Chino Valley Unified School District Board of Education, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     Order (1) GRANTING IN PART Plaintiffs' Motion for Attorney's Fees (Doc. No. 89); and (2) VACATING April 4, 2016 Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs' Motion for an Award of Attorney's Fees. (Doc. No. 89.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS IN PART the Motion and VACATES the April 4, 2016 hearing.

## I.     BACKGROUND

On November 13, 2014, Plaintiffs filed this action against Defendants Board of Education, and James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair, members of the Board of Education in their official representative capacities, alleging that Defendants violated the Establishment Clause of the First Amendment by instituting a policy and practice of prayer in the Chino Valley District's school board meetings. Plaintiffs sought a declaratory judgment that Defendants' conduct of prayers, Bible readings, and proselytizing at Board meetings violate Plaintiffs' rights under the Federal and California constitutions, a permanent injunction enjoining the Board and its members from continuing to violate Plaintiffs' constitutional rights, and nominal damages for past constitutional violations.

Plaintiffs filed a First Amended Complaint on December 15, 2014. ("FAC," Doc. No. 20.) On September 28, 2015, Plaintiffs filed a Motion for Summary Judgment. (Doc. No. 48).

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiffs' Motion for an Award of Attorney's Fees.  Plaintiffs are entitled to $202,425.00 in attorney's fees and $546.70 in costs from Defendants James Na, Sylvia Orozco, Andrew Cruz, and Irene Hernandez-Blair in their individual representative capacities as members of the Chino Valley Unified School District Board of Education, for a total award of $202,971.70.  The April 4, 2016 hearing on the Motion is VACATED.

**IT IS SO ORDERED.**

# EXHIBIT "C"

1  TYLER & BURSCH, LLP
2  Robert H. Tyler, CA Bar No. 179572
   rtyler@tylerbursch.com
3  Jennifer L. Bursch, CA Bar No. 245512
4  jbursch@tylerbursch.com
   24910 Las Brisas Road, Suite 110
5  Murrieta, California  92562
6  Tel:   (951) 600-2733
7  Fax:  (951) 600-4996

8  Attorneys for Defendants, **CHINO**
9  **VALLEY UNIFIED SCHOOL**
   **DISTRICT, et al.**
10

11              **UNITED STATES DISTRICT COURT**

12        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                  **EASTERN DIVISION**

14

| | |
|---|---|
| 15  FREEDOM FROM RELIGION | Case No.: EDCV 14-2336-JGB (DTBx) |
| 16  FOUNDATION, INC.; DOE 1, a minor by and through his/her guardian; DOE 2, and | |
| 17  DOE 2 individually; DOE 3 and DOE 4, | **ROBERT H. TYLER'S LOCAL RULE 65-5 CERTIFICATE BY ATTORNEY IN SUPPORT OF APPROVAL OF** |
| 18 | **THE PROPOSED BOND** |
| 19  Plaintiffs, | |
| 20  vs. | Hearing: |
| | Date:      June 13, 2016 |
| 21 | Time:      9:00 a.m. |
| 22  CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; and | Ctrm:      1 |
| 23  CHINO VALLEY UNIFIED SCHOOL | Judge:     Honorable Jesus G. Bernal |
| 24  BOARD OF EDUCATION BOARD MEMBERS JAMES NA, SYLVIA | |
| 25  OROZCO, CHARLES DICKIE, ANDREW CRUZ, IRENE HERNANDEZ-BLAIR, in | |
| 26  their official representative capacities, | |
| 27 | |
| 28  Defendants. | |

1

## LOCAL RULE 65-5 CERTIFICATE BY ATTORNEY

The proposed bond submitted by International Fidelity Insurance Company in the amount of $225,000 has been examined pursuant to L.R. 65-3 and is recommended for approval. It is not required by law to be approved by a judge.

Respectfully submitted,

TYLER & BURSCH, LLP

Dated: May 4, 2016

/s/ Robert H. Tyler
Robert H. Tyler
Attorneys for Defendants **CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, and CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION BOARD MEMBERS JAMES NA, SYLVIA OROZCO, CHARLES DICKIE, ANDREW CRUZ, and IRENE HERNANDEZ-BLAIR**

# CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562.

On May 4, 2016, I caused to be served the foregoing documents described below on the following interested parties in this action:

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STAY ENFORCMENT OF ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND PURSUANT TO FRCP 62**

☒   Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **David J P Kaloyanides**
  djpkaplc@me.com
- **Andrew L Seidel**
  aseidel@ffrf.org
- **Rebecca Markert**
  rmarkert@ffrf.org

Executed on May 4, 2016, at Murrieta, California.

☒   (Federal)   I declare that I am a member of the Bar of this Court at whose direction the service was made.

s/ Robert H. Tyler
Email: rtyler@tylerbursch.com

CERTIFICATE OF SERVICE

EDCV 14-2336-JGB (DTBx)