David J. Kaloyanides SBN 160368
E: djpkaplc@me.com
DAVID J.P. KALOYANIDES
A PROFESSIONAL LAW CORPORATION
15338 Central Avenue
Chino, CA 91710
T: (213) 623-8120/F: (213) 402-6292

Andrew L. Seidel  (PHV)
Rebecca Markert (PHV)
E: aseidel@ffrf.org/rmarkert@ffrf.org
Freedom From Religion Foundation, Inc.
PO Box 750
Madison, WI 53701
T: (608) 256-8900

Attorney for Plaintiffs
Freedom From Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
Does 1 through 20, inclusive

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., <br><br> Plaintiffs, <br> vs. <br><br> CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al, <br><br> Defendants. | Case No.: 5:14-CV-2336 JGB (DTBx) <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND <br><br> Hearing Date:   June 13, 2016 <br> Hearing Time:   9:00 a.m. <br> Courtroom:      1 Riverside <br> Hon. Jesus G. Bernal |

Plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and DOES 1-20, hereby submit their Opposition to Defendants' Motion to Stay Enforcement of Attorney's Fees and Approval of Proposed Bond.

1
PLAINTIFFS' OPPOSITION TO MOTION TO STAY

1  This Opposition is based on the accompanying Memorandum of Points and
2  Authorities, the papers, pleadings, and other documents in the Court's file; the filings
3  in the Court's docket; the filings in the appeal of the Judgment in this matter before the
4  United States Court of Appeals for the Ninth Circuit, Case Number 16-55425; such
5  other matters of which the Court may take judicial notice; and on such other matters as
6  may be presented prior to or at the hearing on defendants' Motion.

Respectfully submitted,

Dated: May 23, 2016

_____
David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom From Religion Foundation,
Inc., Michael Anderson, Larry
Maldonado, and Does 1-20 inclusive.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................... **4**

I. Introduction .................................................................................................. 1

II. Factual Background ..................................................................................... 1

III. Argument ...................................................................................................... 2

    A. Defendants cannot avail themselves of the stay under Rule 62 because they did not appeal the order for which they seek the stay ............................................. 2

    B. The proposed bond is insufficient to protect plaintiffs' award. ...................... 6

    C. Defendants have failed to meet the requirements of the Local Rules. ............ 7

IV. Conclusion .................................................................................................... 7

# TABLE OF AUTHORITIES

*Cases*

*American Civil Liberties Union of Nevada v. Masto*,
   670 F.3d 1046 (9th Cir. 2012) .................................................................. 4

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011) .................................................................. 4

*Cotton ex rel. McClure v. City of Eureka, Cal.*,
   860 F.Supp.2d 999 (N.D. Cal. 2012) ................................................... 6, 7

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*,
   636 F.2d 755 (D.C.Cir.1980) .................................................................. 3

*Melendres v. Maricopa Cty.*,
   815 F.3d 645 (9th Cir. 2016) .................................................................. 6

*Munden v. Ultra–Alaska Assocs.*,
   849 F.2d 383, 386 (9th Cir.1988) ............................................................ 5

*N.L.R.B. v. Westphal*,
   859 F.2d 818 (9th Cir. 1988) .................................................................. 3

*Rachel v. Banana Republic, Inc.*,
   831 F.2d 1503 (9th Cir.1987) .................................................................. 3

*Statutes*

28 U.S.C.A. § 2107(a) .................................................................................. 5

*Rules*

Federal Rule of Civil Procedure 62 ............................................................... 1, 2, 3, 4

Federal Rule of Appellate Procedure 4 .................................................................... 1

Local Rule 7-3 .......................................................................................................... 7

Local Rule 83-7 ........................................................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should deny defendants' Motion to Stay Enforcement of Attorney's Fees and Approval of Bond, which defendants have brought under Rule 62 of the Federal Rules of Civil Procedure. Defendants have failed to appeal this Court's Order of March 31, 2016, granting Plaintiffs' Motion for Attorney's Fees, and defendants cannot appeal that Order having missed the deadline imposed under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure. For that reason, defendants cannot avail themselves of the stay under Rule 62.

Moreover, defendants have failed to meet the requirements of Local Rule 7-3 before bringing their Motion.

In the alternative, the Court should not approve the proposed bond because it is insufficient to protect plaintiffs' award taking into account the damage to plaintiffs arising from the delay caused by the appeal, interest that should accrue on the award, and the additional costs and fees that plaintiffs will incur on appeal.

## II. FACTUAL BACKGROUND

This Court granted, in part, plaintiffs' Motion for Summary Judgment and entered Judgment in plaintiffs' favor on February 18, 2016.[1] Plaintiffs filed their Motion for

---

[1] *See* Order Granting In Part Plaintiffs' Motion for Summary Judgment, Dkt. No. 87 and Judgment, Dkt. No. 88.

1
PLAINTIFFS' OPPOSITION TO MOTION TO STAY

1   Attorney's Fees on March 3, 2016.[2] The Court granted, in part, plaintiffs' attorney's fee
2   motion on March 31, 2016 ("Attorney's Fees Order).[3]
3   Defendants filed a Notice of Appeal on March 16, 2016 identifying that appeal
4   was from the February 18, 2016 Order on the Motion for Summary Judgment and the
5   February 18, 2016 Judgment.[4] On March 31, 2016, defendants filed their Civil Appeals
6   Docketing Statement.[5] As part of that Statement, defendants identified eleven issues on
7   appeal—none of which identified expressly or implicitly any issue relating to plaintiffs'
8   motion for attorney's fees.[6]
9   Defendants never filed a Notice of Appeal relating to this Court's March 31, 2016
10  Attorney's Fees Order.

III. ARGUMENT

A. DEFENDANTS CANNOT AVAIL THEMSELVES OF THE STAY UNDER RULE 62 BECAUSE THEY DID NOT APPEAL THE ORDER FOR WHICH THEY SEEK THE STAY.

Rule 62(d) provides:

If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be

---

[2] *See* Plaintiffs' Motion for Attorney's Fees, Dkt. No. 89.
[3] *See* Order Granting In Part Plaintiffs' Motion for Attorney's Fees, Dkt. No. 101, entered on April 1, 2016.
[4] *See* Notice of Appeal, Dkt. No. 94.
[5] *See* United States Court of Appeals for the Ninth Circuit Civil Appeals Docketing Statement, Dkt. No. 100.
[6] *See id*. at Exhibit B.

2
PLAINTIFFS' OPPOSITION TO MOTION TO STAY

given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond. Fed.R.Civ.P. 62(d).

Rule 62(d) requires as a condition precedent that the party seeking the stay have *appealed* the judgment or order.

In construing Rule 62, the court noted: "The reference in Rule 62(d) to supersedeas bond suggests that had the framers thought about the point they would have limited the right to an automatic stay to cases where the judgment being appealed from was a 'money judgment.' " *Donovan,* 696 F.2d at 526. The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.

N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).

The purpose of the bond provision under Rule 62(d) is to protect the appellee. The bond is to protect the appellee from a loss that may result from the stay. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n. 1 (9th Cir.1987). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." NLRB, at 819; accord Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C.Cir.1980) ("Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances.").

Here, defendants have failed to appeal the Attorney's Fees Order. They have failed to meet the condition precedent for a stay under Rule 62(d). Nothing in the rule

nor in Ninth Circuit authority allows an appeal of a different, even if related, judgment to qualify as an "appeal" under Rule 62(d).

In *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012), the Ninth Circuit addressed this very question. The State of Nevada appealed the district court's permanent injunction prohibiting the retroactive application of two Nevada's laws regarding sex offender registration requirements and residency restrictions. *Id*. at 1050. After issuing the permanent injunction, the District Court granted plaintiffs' motion for attorney's fees. While the State appealed the injunction, it did not appeal the award of attorney's fees. *Id*. at 1052. Instead, the State filed a motion under Rule 62(d) to stay enforcement of the attorney's fee award. *Id*. The district court denied the motion, and the State appealed that order denying the stay. *Id*.

The Ninth Circuit affirmed the order denying the stay holding that the State had failed to meet the condition precedent of appealing the order awarding attorney's fees.

> The State fails to identify any instance in which the court supposedly abused its discretion. The judge justified his denial based on the State's failure to comply with the express requirements of Rule 62(d). The court properly exercised its discretion in doing so. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1043 (9th Cir.2011) (party's failure to comply with procedural rules sufficient grounds for court's exercise of discretion denying their motion).

*Id*. at 1066-67.

The same applies here. Defendants have failed to appeal the Attorney's Fees Order. They have failed to comply with the express requirements of Rule 62(d), namely, appealing the order for which they seek the stay.

Nor can they appeal the order now.

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

28 U.S.C.A. § 2107(a).

The Attorney's Fees Order was issued March 31, 2016 and entered April 1, 2016. Defendants had until May 2, 2016 to file a notice of appeal of that Order. They did not do so. They are now foreclosed from seeking review because timely filing of a notice of appeal is jurisdictional. *See Munden v. Ultra–Alaska Assocs.,* 849 F.2d 383, 386 (9th Cir.1988).

> [W]e are not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be. The thirty-day deadline serves an important purpose, which is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands." *Browder,* 434 U.S. at 264, 98 S.Ct. 556 (quoting *Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943) (per curiam)).

*Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016).

Because defendants failed to file a Notice of Appeal from the Attorney's Fees Order, they are not entitled to a stay pursuant to Rule 62(d).

## B. THE PROPOSED BOND IS INSUFFICIENT TO PROTECT PLAINTIFFS' AWARD.

Defendants' propose a bond of $225,000 without any analysis or explanation of how that amount was determined. Defendants fail to present any basis that shows this bond is sufficient to address the concerns Rule 62(d) is designed to address.

Rule 62(d) is silent as to the required amount of a supersedeas bond. Fed.R.Civ.P. 62(d). "The predecessor to present [Federal Rule of Civil Procedure] 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.'" *Poplar Grove Planting and Refining Co.,* 600 F.2d at 1191. Although Rule 62(d) lacks similar language to its predecessor, "it has been read consistently with the earlier rule." *Id.* "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *See* Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)).

*Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F.Supp.2d 999, 1029 (N.D. Cal. 2012).

In nothing but conclusory language, defendants assert that the bond is sufficient to cover "the actual amount of the award and any potential interest that could accrue on the award should the court see fit to award post-judgment interest. There is simply no reason

6
PLAINTIFFS' OPPOSITION TO MOTION TO STAY

to deny the Bond….*"* (*See* Defendants' Motion to Stay, Dkt. No. 102, at 4:6-8). Defendants' beliefs regarding the sufficiency of a bond are irrelevant. They bear the burden of showing that the proposed bond satisfies "costs on appeal, interest, and damages for delay". *See Cotton, supra*, 860 F.Supp.2d at 1029.

And they have failed to do so. Therefore, the Court should deny the proposed bond.

### C. DEFENDANTS HAVE FAILED TO MEET THE REQUIREMENTS OF THE LOCAL RULES.

Local Rule 7-3 requires that a party contemplating a motion first meet and confer with opposing counsel *prior* to filing the motion. The conference must take place at least seven days before the motion is filed, and the moving party must indicate in their motion that such conference took place. *See* L.R. 7-3.

Defendants never contacted counsel for the plaintiffs prior to bringing this motion. Defendants' motion does not state that any attempt to meet and confer was even attempted. Accordingly, pursuant to Local Rule 83-7, the Court should impose sanctions against Defendants as the Court deems just and appropriate.

### IV. CONCLUSION

The Court should deny defendants' Motion because they have failed to appeal the Attorney's Fee Order and, therefore, cannot avail themselves of the stay under Rule 62(d). The Court should also impose sanctions against defendants as it deems just and appropriate for defendants' violation of the Local Rules.

And in the alternative, because defendants have failed to show the proposed bond is sufficient to meet the concerns underlying Rule 62(d), the Court should not approve the proposed bond.

Respectfully submitted,

Dated: May 23, 2016

_____
David J. Kaloyanides

Andrew Seidel
Rebecca Markert
Freedom from Religion Foundation, Inc.

Attorneys for Plaintiffs
Freedom from Religion Foundation, Inc.,
Michael Anderson, Larry Maldonado, and
DOES 1 through 20, inclusive

8
PLAINTIFFS' OPPOSITION TO MOTION TO STAY