TYLER & BURSCH, LLP
Robert H. Tyler, CA Bar No. 179572
rtyler@tylerbursch.com
Jennifer L. Bursch, CA Bar No. 245512
jbursch@tylerbursch.com
24910 Las Brisas Road, Suite 110
Murrieta, California 92562
Tel: (951) 600-2733
Fax: (951) 600-4996

Attorneys for Defendants, **CHINO VALLEY UNIFIED SCHOOL DISTRICT, et al.**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.; DOE 1, a minor by and through his/her guardian; DOE 2, and DOE 2 individually; DOE 3 and DOE 4,<br><br>Plaintiffs,<br><br>vs.<br><br>CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; and CHINO VALLEY UNIFIED SCHOOL BOARD OF EDUCATION BOARD MEMBERS JAMES NA, SYLVIA OROZCO, CHARLES DICKIE, ANDREW CRUZ, IRENE HERNANDEZ-BLAIR, in their official representative capacities,<br><br>Defendants. | Case No.: EDCV 14-2336-JGB (DTBx)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY ENFORCEMENT OF ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND**<br><br>Hearing:<br>Date: June 13, 2016<br>Time: 9:00 a.m.<br>Ctrm: 1<br>Judge: Honorable Jesus G. Bernal |

1

# MEMORANDUM OF POINTS AND AUTHORITIES
# INTRODUCTION

Plaintiffs' Opposition is a total misrepresentation of the Defendants' motion and the underlying facts. Defendants' filed their notice of appeal of the Honorable Judge Jesus G. Bernal's ("Judge Bernal") February 18, 2016 judgment partially granting Plaintiffs' Motion for Summary Judgement. The judgment appealed did not merely grant Plaintiffs' Motion for Summary Judgment, it also awarded attorneys' fees to Plaintiffs. During a subsequent hearing, the Court issued an order setting the value of the attorneys' fees awarded. Defendants' have posted a bond, which exceeds the amount of the award by more than 10%. Plaintiffs' argument that the bond is insufficient is unavailing. Moreover, Plaintiffs' argument that Defendants did not meet and confer pursuant to Local Rule 7-3 to discuss posting a bond and seek a stay of the collection of attorneys' fees is incorrect. As a result, Plaintiffs' opposition does not and cannot provide a factual or legal reason why the Defendants' should be denied the stay they are rightfully entitled to.

## I.  STATEMENT OF FACTS

On November 13, 2014, Plaintiffs filed the underlying action against the Defendants. On February 28, 2015, Plaintiffs filed a Motion for Summary Judgment (Doc. 48), which was granted, in part, by Judge Bernal on February 18, 2016. (Doc. 87., attached hereto as Exhibit A) Judge Bernal subsequently entered a judgment against Defendants. (Doc. 88, attached hereto as Exhibit B.) Defendants appealed **both** the Order (Doc. 87) and the Judgment (Doc. 88). Importantly, both the Order and Judgment entitle Plaintiffs' to attorneys' fees and costs. Accordingly, the Plaintiffs' **right** to attorneys' fees is an issue on appeal. Nevertheless, the amount of attorneys' fees was subsequently set in the amount of $202,425.00.[1] (Doc. 101. attached hereto as Exhibit C)

---

[1] The order includes an award of costs in the amount $546.70, hence the total award of $202,971.70.

2

**DEFENDANTS' NOTICE OF MOTION TO STAY ENFORCEMENT OF ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND**  EDCV 14-2336-JGB (DTBx)

On April 20, 2016, Robert H. Tyler, Esq. ("Mr. Tyler"), counsel of record on appeal for Defendants sent a letter (the "Letter") via electronic and standard U.S. mail to Mr. David J. Kaloyanides, Esq., employed by David J. P. Kaloyanides, PLC; Mr. Andrew L. Seidel, Esq., and Ms. Rebecca Markert, Esq., employed by Freedom From Religion Foundation, Inc.; who collectively are counsel for the Plaintiffs in this case (collectively herein after to as "Opposing Counsel"). (Supplemental Declaration of Robert Tyler ("Supp. Dec. Tyler") ¶ 2.) In this letter, Mr. Tyler informed Opposing Counsel that Defendants were in the process of obtaining a bond to post in lieu of paying fees and costs while on appeal. (Supp. Dec. Tyler ¶ 3.) Alternatively, the Letter proposed a confidential settlement agreement regarding the attorneys' fees award. (Supp. Dec. Tyler ¶3.) Neither Mr. Tyler, nor the associates assisting on the matter have received a response to the Letter from Opposing Counsel. (Supp. Dec. Tyler ¶ 4.) Because no response was ever received from Opposing Counsel, Mr. Tyler presumed Opposing Counsel had indicated their stance on the Motion. (Supp. Dec. Tyler ¶ 5.) Mr. Tyler believed the Letter was a sufficient attempt to meet and confer pursuant to Local Rule 7-3, and that Opposing Counsel's failure to respond relieved him from any further meet and confer obligations. (Supp. Dec. Tyler ¶ 7.) The lack of certification contained in the Motion was merely an error. (Supp. Dec. Tyler ¶ 8.) On April 26, 2016, International Fidelity Insurance Company provided the Bond on behalf of the defendants in the amount of $225,000.00. Defendants filed their motion requesting the court approve the Bond and stay the enforcement of the attorney's fees award pending the appeal ("Motion") on May 4, 2016. Plaintiffs filed their opposition to the Motion on May 23, 2016. Defendants hereby file their reply brief.

II.     **ARUGMENT**

    A.     **Legal Standard**

"A party taking an appeal from federal district court is entitled to a stay of money judgment as a matter of right if he posts bond in accordance with these rules. (*American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* 87 S.Ct. 1, 3

(1966)) (*citing* Fed. R. Civ. P. 62(d) and 73(d).) Rule 62(d) of the Federal Rules of Civil Procedure provide that Defendants may obtain a stay of execution of judgment pending appeal by posting a supersedeas bond in an amount approved by the court.)

Here, the Defendants have provided a proposed supersedeas bond as a result of the pending appeal and have complied with the Federal Rules of Civil Procedure and the Local Rules. Therefore, as a matter of right, the Defendants are entitled to the stay which they seek.

### B. The Defendants Are Appealing Plaintiffs' Right To Recover Attorneys' Fees

The thrust of the Plaintiffs' argument is that Defendants did not file a notice of appeal for the order setting the **amount** of attorneys' fees entered on April 1, 2016. The Plaintiffs' argument is nothing more than an attempt to misdirect the Court. The order/judgment the Defendants are appealing includes the following:

> "3. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to costs, including reasonable attorney's fees, incurred in bringing this action to vindicate violations of Plaintiffs' constitutional rights." (Ex's. A; B.)

Defendants are appealing the Plaintiffs' right to recover attorneys' fees. The Defendants have not brought a challenge to the amount of attorneys' fees the Court ultimately set on April 1, 2016, which is what the Plaintiffs are implying in their opposition. The Defendants' notice of appeal could not more clearly articulate that they have raised the issue of attorneys' fees, and are in fact appealing the judgment and order granting the Plaintiffs the right to recover attorneys' fees. The fact that the actual amount of attorney's fees was determined at a different hearing does not change the fact that Defendants have properly appealed the Plaintiffs' right to recover attorney's fees. In fact, the Federal Rules of Civil Procedure and the Supreme Court specifically address this factual scenario.

///

"A notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." (Fed. R. Civ. P. § 4(a)(2).) The Supreme Court, in interpreting the statute has held: "Rule 4(a)(2) permits a notice of appeal filed from a nonfinal decision to serve as an effective notice of appeal from a subsequently entered final judgment when a district court announces a decision that would be appealable if immediately followed by the entry of the judgment." (*FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.* 498 U.S. 269 (1991).) In this case, not only is there an order containing resolution to *all* legal issues raised in the case, but a judgment was also entered contemporaneously. (Ex's. A; B.) As previously discussed, the judgment clearly awards Plaintiffs attorneys' fees. The notice of appeal clearly "relates forward" to the setting of the amount of attorneys' fees, and the Plaintiffs are not prejudiced by what could be deemed a premature appeal. (*See, generally FirstTier Mortg. Co. v. Investors Mortg. Ins. Co., supra,* 498 U.S. at 275-276.)

Because a judgment was entered, the judgment included an award of attorneys' fees, and the Defendants properly appealed the **entire** judgment, there is no merit to the Plaintiffs' argument that Defendants have not properly appealed the award of attorneys' fees. Therefore, because the attorneys' fees were properly appealed and the Defendants have posted a supersedeas bond, as discussed below, the Motion should be granted.

### C. The Proposed Bond is More Than Adequate Security for the Judgment

The Plaintiffs challenge the security of a bond that is more than 110% of the amount of the attorney's fees award. The Plaintiffs assert that the $225,000 bond is insufficient to cover the costs on appeal, interest, and damages for delay. The interest rate on civil awards is controlled by federal statute. The interest rate shall be "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." (28 U.S.C. § 1961.) The applicable rate

///

as of May 24, 2016, was 0.69%[2]. An examination of the historical data, published by the federal reserve for the past several years, shows that the interest rate has rarely been above even 0.5%[3]. Even assuming an abnormal interest rate of 1%, it only adds approximately $2,050 to the award after one year. In the event the appeal takes a year, that still leaves over $20,000 to cover costs on appeal and any damages the Court sees fit to attribute due to the delay. As the Plaintiffs accurately point out, Rule 62(d) is silent as to the amount required by a supersedeas bond. (Fed. R. Civ. P. 62(d).) The Defendants have posted a bond that exceeds the amount of the award by more than $23,500. Even if the Court assumes abnormal interest of 1%, the excess amount of the bond means that the anticipated length of the appeal would need to exceed ten years before the bond is considered inadequate.

Moreover, Plaintiffs have not identified any additional costs or damages that would accrue on the award that would exceed that $23,500 excess amount. The Plaintiff is fully secured by the Bond, including the actual amount of the award and any accrued interest, costs, and damages the Court sees fit to award. There is simply no reason to deny the Bond, and therefore, the clerk, pursuant to L.R.s 65-2 and 65-5, should approve the Bond.

### D.     The Defendants Complied with the Local Rules

Plaintiffs allege that Defendants failed to meet and confer prior to filing the Motion, in violation of Local Rule 7-3. Plaintiffs allegation that no meet and confer took place is perplexing. Mr. Tyler sent correspondence to Opposing Counsel informing them of Defendants' intentions to post a bond in lieu of paying attorneys' fees. (Supp. Dec. Tyler ¶ 3.) While the Letter never specifically identified itself as a meet and confer, Mr. Tyler did request Opposing Counsel respond to the Letter. The Letter also contained confidential settlement communications. (Supp. Dec. Tyler ¶¶ 3 - 4.) Opposing Counsel never responded to the Letter in any capacity. (Supp. Dec. Tyler ¶

---

[2] www.federalreserve.gov/releases/H15/Update/
[3] *Id.*

6

**DEFENDANTS' NOTICE OF MOTION TO STAY ENFORCEMENT OF ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND**                         EDCV 14-2336-JGB (DTBx)

4.) Having never received a substantive response from Opposing Counsel, Defendants believed it was in their best interest to pursue the Motion immediately in order to ensure the Bond was approved by the Court in a timely fashion. (Supp. Dec. Tyler ¶ 6.) Plaintiffs correctly point out that the Motion neglected to include a statement regarding the meet and confer process, but that does not change the substance of the Motion. (Supp. Dec. Tyler ¶¶ 8 - 9.) In addition, Defendants have filed a supplemental declaration from Mr. Tyler detailing their attempts to meet and confer prior to filing the Motion, thus erasing any ambiguity created by Defendants failure to include a statement in its moving papers. Should the Court find that Defendants have failed to satisfy local rule 7-3, they respectfully request that the Court continue the Motion so as to allow Defendants to attempt a second time to meet and confer with Opposing Counsel. Although based on the opposition, it seems as if a continuance to allow time for a meet and confer would still result in an appearance before the Court. Regardless of the Court's decision, it is clear that Plaintiffs' statements that there was not even an attempt to meet and confer by the Defendants is blatantly false and the request for sanctions is equally outlandish and wholly without merit.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court enter an order approving the Bond and staying the enforcement of the attorney's fees award pending the appeal, or in the alternative continue the Motion to allow sufficient time for Defendants to attempt to meet and confer with Plaintiffs for a second time. Regardless, Defendants also request that the Court deny Plaintiffs' request to impose sanctions.

Respectfully submitted,

TYLER & BURSCH, LLP

Dated:  May 27, 2016

/s/ Robert H. Tyler
Robert H. Tyler
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562.

On May 27, 2016, I caused to be served the foregoing documents described below on the following interested parties in this action:

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY ENFORCEMENT OF ATTORNEY'S FEES AND APPROVAL OF PROPOSED BOND**

☒ Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **David J P Kaloyanides**
  djpkaplc@me.com
- **Andrew L Seidel**
  aseidel@ffrf.org
- **Rebecca Markert**
  rmarkert@ffrf.org

Executed on May 27, 2016, at Murrieta, California.

☒ (Federal) I declare that I am a member of the Bar of this Court at whose direction the service was made.

        s/ Robert H. Tyler
    Email: rtyler@tylerbursch.com