UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 14-2336- JGB (DTBx) | Date | June 13, 2016 |
| Title | *Freedom From Religion Foundation, Inc. et al. v. Chino Valley Unified School District Board of Education et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Adele C. Frazier |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| David J.P. Kaloyanides | James A. Long<br>Nathan R. Klein |

**Proceedings:**    Order GRANTING Defendants' Motion to Stay Enforcement of Attorneys' Fees and Approve Proposed Bond (Doc. No. 102) on Condition that Defendants Post Bond of At Least 125% of Fee Award Within 30 Days

    Before the Court is Defendants' Motion to Stay Enforcement of Attorneys' Fees and Approve Proposed Bond. (Doc. No. 102.) After considering all papers timely filed in support of and in opposition to Defendants' Motion, the Court GRANTS the Motion on the condition that Defendants post a bond at or above 125% of the amount of the fee award within 30 days of this order.

**I.  BACKGROUND**

    On November 13, 2014, Plaintiffs filed this action against Defendants Board of Education, and James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair, members of the Board of Education in their official representative capacities, alleging that Defendants violated the Establishment Clause of the First Amendment by instituting a policy and practice of prayer in the Chino Valley District's school board meetings. Plaintiffs sought a declaratory judgment that Defendants' conduct of prayers, Bible readings, and proselytizing at Board meetings violate Plaintiffs' rights under the Federal and California constitutions, a permanent injunction enjoining the Board and its members from continuing to violate Plaintiffs' constitutional rights, and nominal damages for past constitutional violations.

On February 18, 2016, the Court granted in part Plaintiffs' motion for summary judgment, (Doc. No. 87), and entered judgment in favor of Plaintiffs for injunctive and declaratory relief, (Doc. No. 88). Plaintiffs, as the prevailing party, filed a motion for attorneys' fees and costs on March 3, 2016. (Doc. No. 89.) On March 31, 2016, the Court granted the motion in part and awarded Plaintiffs attorneys' fees and costs in the amount of $202,971.70. (Doc. No. 101.)

On March 16, 2016, Defendants appealed the summary judgment order and judgment. (Doc. No. 94.) On May 4, 2016, Defendants filed the instant Motion to Stay Enforcement of Attorneys' Fees pending resolution of their appeal. ("Motion," Doc. No. 102.) Plaintiffs filed an Opposition on May 23, 2016, ("Opp'n," Doc. No. 103), and Defendants replied on May 27, 2016, ("Reply," Doc. No. 104).

## II. LEGAL STANDARD

Rule 62(d) of the Federal Rules of Civil Procedure provides that "if an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Id. "[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." American Mfrs. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc., 87 S.Ct. 1, 3 (1966) (Harlan, Circuit Justice) (emphasis added); see also Nat'l Labor Relations Bd. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam) (under Rule 62(d), parties appealing from money judgments have the right to an "automatic stay"); Federal Prescription Serv. v. American Pharmaceutical Ass'n, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right").

## III. DISCUSSION

Pursuant to Rule 62(d), Defendants seek to stay enforcement of the Court's order granting attorneys' fees and costs to Plaintiffs by supersedeas bond in the amount of $225,000.00.

Plaintiffs object that Defendants are not entitled to a stay under Rule 62(d) because they have not appealed the order they seek to stay.[1] Defendants only appealed the order granting summary judgment, not the order awarding attorneys' fees and costs.

---

[1] The parties dispute whether Defendants satisfied their meet-and-confer obligations as required by Local Rule 7-3. Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Defendants sent a letter to opposing counsel which, among other things, briefly indicated their intention to obtain and post a bond "in lieu of paying fees and costs while on appeal." (Declaration of Robert H. Tyler, Ex. A, (continued . . .)

Plaintiffs' argument is overly technical and blind to the procedural posture of this case. Plaintiffs are entitled to attorneys' fees only if they are the prevailing party in the underlying summary judgment order. It is immaterial that Defendants did not appeal the order determining the amount of attorneys' fees; they appealed the order that determines whether attorneys' fees issue at all.[2]

Plaintiffs contend the Ninth Circuit "addressed this very question" in American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046 (9th Cir. 2012). In that case, the State of Nevada appealed the district court's order granting a permanent injunction, but did not all appeal the award of attorneys' fees. Id. at 1066. Nevada moved to stay enforcement of the attorneys' fee award pending the appeal of the injunction, but the district court denied the motion. Id. at 1066-67. The State appealed the order denying the stay. Id. Without passing judgment on what a district court should or must do in such a scenario, the Ninth Circuit held that the district court did not abuse its discretion when it denied the stay on procedural grounds, namely that Nevada had failed to appeal the order awarding attorneys' fees. Id. The Ninth Circuit did not discuss the district court's reasoning and did not examine the issue further.

At most, Masto stands for the proposition that it would not be an abuse of discretion for the Court to deny this Motion for failure to appeal the attorneys' fees order. The Court has been unable to locate the district court's order in Masto, and therefore cannot determine why the district court chose that course of action, or if there were details that distinguish Masto from the present case. In the absence of any contrary authority, the Court thinks it most sensible that, where, as here, the party seeking to stay enforcement of an order granting attorneys' fees has appealed an underlying order the reversal of which would negate the opposing party's entitlement to fees and costs, the moving party has "taken an appeal" for purposes of Rule 62(d) and may obtain a stay of attorneys' fees and costs by posting a supersedeas bond.

---

( . . . continued)
Doc. No. 104-4.) Given that the letter does not mention a motion, or the amount of the proposed bond, much less a request to meet in person to discuss the substance of the instant motion, it cannot be construed as a "thorough" discussion of the "substance of the contemplated motion and any potential resolution" as required by Rule 7-3. Defendants are admonished that any future failure to comply with Rule 7-3 may result in striking the offending motion or monetary sanctions.

[2] Indeed, in the order granting summary judgment pending appeal, the Court specifically held that Plaintiffs "are entitled to costs, including reasonable attorney's fees, incurred in bringing this action to vindicate violations of Plaintiffs' constitutional rights" pursuant to 42 U.S.C. § 1988. (Doc. No. 87 at 26.)

Accordingly, Plaintiffs will be entitled as a matter of right to a stay of the award of attorneys' fees[3] if they post an adequate bond. A supersedeas bond must be sufficient to protect "the prevailing [party] from the risk of a later uncollectible judgment and compensate[] him for delay in the entry of the final judgment." Westphal, 859 F.2d at 819.

The Court awarded attorneys' fees and costs in the amount of $202,971.70. Defendants have posted a bond of $225,000.00, or approximately 111% of the award. Although the Local Rules do not establish a fixed rate for a supersedeas bond, courts in similar jurisdictions have set the bond rate at 125%. See, e.g., Funai Elec. Co. v. Daewoo Elecs. Corp., No. C-04-01830JCS, 2009 WL 975787, at *1 (N.D. Cal. Apr. 9, 2009) (setting supersedeas bond at 125% of the judgment amount); In re Dugo, No. 2:15-01989 WBS, 2016 WL 501129, at *1-2 (E.D. Cal. Feb. 9, 2016) (noting that, pursuant to Eastern District Local Rule 151, "a supersedeas bond shall be 125 percent of the amount of the judgment unless the Court otherwise orders").

Defendants have not cited any case finding a 111% bond sufficient, and have not justified their departure from what appears to be a standard practice of setting the bond rate at 125%. Accordingly, if Defendants seek a stay as a matter of right pursuant to Rule 62(d), the Court will require a supersedeas bond that is at least 125% of $202,971.70, the total amount of attorneys' fees and costs awarded to Plaintiffs.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for a stay of enforcement of the order granting attorneys' fees will be GRANTED, upon the condition that Defendants post a supersedeas bond of at least $253,714.63 within thirty days from the date this Order is signed. If granted, the stay will only apply to the order granting fees and costs; it will not apply to the judgment ordering injunctive and declaratory relief.

In the event that Defendants do not post a supersedeas bond in the amount ordered herein, Defendants' Motion will be DENIED.

**IT IS SO ORDERED.**

---

[3] Although Defendants do not move to stay the injunction, the Court emphasizes that the stay only applies to the award of attorney's fees and costs; the Court's order and judgment granting injunctive and declaratory relief will <u>not</u> be stayed by the posting of a supersedeas bond.