FILED

# UNITED STATES COURT OF APPEALS

APR 19 2019

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., MICHAEL ANDERSON, LARRY MALDONADO, and DOES 1 through 20, inclusive, | No.    16-55425 |
| | D.C. No. 5:14-cv-02336-JGB-DTB Central District of California, Riverside |
| Plaintiffs-Appellees, | |
| v. | |
| | ORDER |
| CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; JAMES NA, Chino Valley Unified School District Board of Education Board Member in his official representative capacity; SYLVIA OROZCO, Chino Valley Unified School District Board of Education Board Member in her official representative capacity; CHARLES DICKIE, Chino Valley Unified School District Board of Education Board Member in his official representative capacity; ANDREW CRUZ, Chino Valley Unified School District Board of Education Board Member in his official representative capacity; IRENE HERNANDEZ-BLAIR, Chino Valley Unified School District Board of Education Board Member in her official representative capacity, | |
| Defendants-Appellants. | |

MH/Appellate Commissioner

Before:  Peter L. Shaw, Appellate Commissioner.

I

Background

Freedom From Religion Foundation, Inc., two parents, and twenty Doe plaintiffs (collectively, "the Foundation") brought this 42 U.S.C. § 1983 action against Chino Valley Unified School District Board of Education and six board members (collectively, "Chino Valley") challenging their policy and practice of opening board meetings with prayer.  *See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1137-38, 1141 (9th Cir. 2018), *reh'g denied*, 910 F.3d 1297, 1298 (9th Cir. 2018).

The district court granted summary judgment to the Foundation on its Establishment Clause claim and ordered injunctive relief.  *See Freedom From Religion Found., Inc.*, 896 F.3d at 1137.  The district court also determined that the Foundation was entitled to $202,425 in attorneys' fees under 42 U.S.C. § 1988 and taxable costs in the amount of $546.70.

Chino Valley appealed the district court's judgment, but not the district court's fees and costs determination.  This court affirmed the district court's judgment, holding that the policy and practice of prayer violates the Establishment Clause and that the scope of injunctive relief is appropriate.  *Id*. at 1138, 1152.

The Foundation filed a bill of taxable costs in the amount of $49.80, which the clerk correctly denied as untimely.  *See* Fed. R. App. P. 39(d), 9th Cir. R. 39-1.4; *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010)*; Mollura v. Miller*, 621 F.2d 334, 335-36 (9th Cir. 1980).

The Foundation also filed a motion for an award of attorneys' fees under 42 U.S.C. § 1988, and a reply noting that Chino Valley had not filed an opposition. *See* 9th Cir. R. 39-1.6.  The court granted the Foundation's motion for attorneys' fees and referred to the Appellate Commissioner the determination of an appropriate fee amount.  *See* 9th Cir. R. 39-1.9.

## II
## Background

Under 42 U.S.C. § 1988, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Foundation requests attorneys' fees in the amount of $75,680 for 129.4 hours of work by local counsel David J. Kaloyanides of Chino, California and by Andrew L. Seidel and Rebecca S. Markert of the Freedom From Religion Foundation, Inc. in Madison, Wisconsin, as follows:

| Attorney | Admit Date | Hourly Rate | Hours | Fees |
|----------|-----------|-------------|-------|------|
| Kaloyanides | 1992 | $650 | 70.9 | $46,085 |
| Seidel | 2009 | $500 | 51.6 | $25,800 |
| Markert | 2008 | $550 | 6.9 | $ 3,795 |
| Total | | | 129.4 | $75,680 |

Chino Valley does not object to the requested hourly rates.  The requested hourly rates are reasonable, and they are awarded.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  A rate determined in this way is normally deemed to be reasonable." ).  The district court awarded the same hourly rates for the Foundation's attorneys, and Chino Valley did not appeal the award.  Also, the Foundation cites many district court awards of similar hourly rates for comparable attorneys.

The Foundation's attorneys prepared a 12,286-word answering brief, a citation of supplemental authorities, a court-ordered response to Chino Valley's petition for rehearing and rehearing en banc, and a motion for attorneys' fees. They also participated in teleconferences with the Circuit Mediator.  Kaloyanides appeared at oral argument in Pasadena.

Chino Valley does not object to the Foundation's request for 129.4 hours of work on appeal.  The Foundation's attorneys reasonably expended the requested hours, and they are awarded.  "[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hopes of inflating their fees" because [t]he payoff is to uncertain, as to both the result and the amount of the fee."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2017).  As a result, courts generally "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."  *Id*.

Taxable costs that are not claimed in a timely bill of costs cannot be included in a fee award under 42 U.S.C. § 1988.  *See Haselwander v. McHugh*, 797 F.3d 1, 1-2 (D.C. Cir. 2015); *Grove*, 606 F.3d at 582.

## III

## Conclusion

Pursuant to 42 U.S.C. § 1988, attorneys' fees in the amount of $75,680 are awarded in favor of Freedom From Religion Foundation, Inc.; Michael Anderson; Larry Maldonado; and Does 1 through 20, inclusive; and against Chino Valley Unified School District Board of Education, James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair.

This order amends the court's mandate.