LAW OFFICES OF MARGARET
A. CHIDESTER & ASSOCIATES
Steven R. Chidester, SBN 146639
s.chidester@californiaschoollaw.net
Margaret A. Chidester, SBN 95795
m.chidester@californiaschoollaw.net
17762 Cowan, First Floor
Irvine, CA 92614-6096
Telephone: (949) 474-5040
Facsimile: (949) 474-8540

Attorneys for Defendants,
Chino Valley Unified School District
Board of Education, and Chino Valley
Unified School District Board of
Education Board Members James Na,
Sylvia Orozco, Charles Dickie, Andrew
Cruz, and Irene Hernandez-Blair in
their official representative capacities

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, etc. et al.,<br><br>Defendants. | Case No.: 5:14-CV-02336 JGB (DTB)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXONERATE SUPERSEDEAS BOND; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: August 5, 2019<br>Hearing Time: 9:00 a.m.<br>Judge: Hon. Jesus G. Bernal<br>Courtroom: 1 Riverside |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 5, 2019 at 9:00 a.m., or on such other date and at such other time as the matter may be heard before the Honorable Jesus G. Bernal, United States District Court Judge, in Courtroom 1 of United States District

1

Court, located as 3470 Twelfth Street, Riverside, California, Defendants will and hereby do move this Court for the entry of an order exonerating the supersedeas bond that Defendants posted in connection with their March 16, 2016 appeal of this Court's February 18, 2016 order for the reason that this case has been concluded and the necessity for the bond has passed.

Pursuant to United States District Court for the Central District of California Local Rules, rule 7-3, on June 18, 2019, Defendants' counsel contacted Plaintiffs' counsel, Mr. David Kaloyanides, regarding the motion. On June 29, 2019, Plaintiffs' counsel stated he did not oppose the motion.

This motion is based on the accompanying Memorandum of Points and Authorities, along with the Declaration of Steven R. Chidester, the attached exhibits, and the [Proposed] Order.

Respectfully submitted,

Dated: July 1, 2019

/s/ Steven R. Chidester

Steven R. Chidester
**LAW OFFICES OF MARGARET A. CHIDESTER & ASSOCIATES**
Attorneys for Defendants
Chino Valley Unified School District Board of Education, and Chino Valley Unified School District Board of Education Board Members James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair in their official representative capacities

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In light of the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit Court of Appeals") having affirmed this Court's February 18, 2016 order granting in part Plaintiffs' motion for summary judgement and entry of judgement in favor of Plaintiffs for injunctive and declaratory relief on July 25, 2018, the Ninth Circuit Court of Appeals' denial of Defendants' petition for rehearing en banc on December 26, 2018, the Ninth Circuit Court of Appeals' mandate issued on January 3, 2019, and Defendants' payment of the judgement award and the Ninth Circuit Court of Appeals' award of Plaintiffs' attorneys' fees to Plaintiffs, the supersedeas bond posted in connection with Defendants' appeal of this Court's February 18, 2016 order is now subject to exoneration and release.

## II.   FACTUAL BACKGROUND

On November 13, 2014, Plaintiffs filed the underlying action against Defendants, seeking declaratory and injunctive relief, as well as nominal damages. On February 18, 2016, this Court granted partial summary judgment for Plaintiffs, (Doc. No. 87), and entered judgment in favor of Plaintiffs for injunctive and declaratory relief, (Doc. No. 89). On March 31, 2016, this Court granted Plaintiffs' motion for attorneys' fees and costs in part and awarded Plaintiffs attorneys' fees and costs in the amount of $202,971.70. (Doc. No. 101.)

On March 16, 2016, Defendants appealed this Court's summary judgment order and judgement. (Doc. No. 94.) On or about April 26, 2016, International Fidelity Insurance Company provided the supersedeas bond (Bond No. 0663961) in the amount of $225,000.00 through Commercial Surety Bond Agency at the request of Defendants. ("Bond," Doc. No. 102, p. 6.; attached hereto as Exhibit 1.)

On May 4, 2016, Defendants filed a motion to stay enforcement of this Court's order granting Plaintiffs' motion for attorneys' fees pending resolution of Defendants' appeal and approval of the proposed supersedeas bond pursuant to Federal Rules of Civil Procedure 62. (Doc. No. 102.)

On June 13, 2016, this Court granted Defendants' motion to stay enforcement of the order granting attorneys' fees on the condition that the Defendants post a supersedeas bond of at least $253,714.63 within thirty days of its order. (Doc. No. 105.)

Defendants therefore increased the supersedeas bond amount to $255,000.00. (CSBA Invoice, attached hereto as Exhibit 2.)

On July 25, 2018, the Ninth Circuit Court of Appeals affirmed this Court's February 18, 2016 order granting in part Plaintiffs' motion for summary judgement and entry of judgement in favor of Plaintiffs for injunctive and declaratory relief. (Doc. No. 110.) (*See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1138 (9th Cir. 2018).)

On December 26, 2018, the Ninth Circuit Court of Appeals denied Defendants' petition for rehearing en banc over the dissent of five judges, and the dissent in part of one judge. (Doc. No. 111.) (*See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 910 F.3d 1297, 1298, 1304 (9th Cir. 2018).)

On January 3, 2019, the Ninth Circuit Court of Appeals issued the mandate pursuant to Federal Rules of Appellate Procedure Rule 41(a). (Doc. No. 113.)

On February 14, 2019, the Ninth Circuit Court of Appeals granted Plaintiffs' motion for attorneys' fees and costs and authorized the Appellate Commissioner to enter an order awarding attorneys' fees and costs related to the appeal. (Doc. No. 114.)

On April 9, 2019, Plaintiffs filed an affidavit and request for issuance of writ of execution with this Court. (Doc. No. 117.) The full judgement as entered is $206,922.77, consisting of $202,425.00 in attorneys' fees, $3,951.07 in interest, and $546.70 in costs. On April 10, 2019, this Court issued a notice of deficiency with Plaintiffs' writ of execution. (Doc. No. 118.)  To date, Plaintiffs have not filed an amended affidavit and request for issuance of writ of execution.

On April 19, 2019, the Ninth Circuit Court of Appeals awarded attorneys' fees to Plaintiffs based on 129.4 hours of work on appeal in the amount of $75,680.00. (Doc. No. 119.)

4

On April 19, 2019, Plaintiffs' counsel, Mr. Kaloyanides, received Defendants' check made payable to "Trust Account of David J.P. Kaloyanides" in the amount of $206,922.77 as payment in full for the judgement award. (April 19, 2019 Receipt of Defendants' Check, attached hereto as Exhibit 3.)  On May 1, 2019, Mr. Kaloyanides received Defendants' check made payable to "Trust Account of David J.P. Kaloyanides" in the amount of $75,680.00 as payment in full for Ninth Circuit Court of Appeals award of attorneys' fees. (May 1, 2019 Receipt of Defendants' Check, attached hereto as Exhibit 4.)

## III.   THE BOND BEING HELD SHOULD BE ORDERED DISCHARGED AND RELEASED.

Rule 62(d) of the Federal Rules of Civil Procedure provides that Defendants may obtain a stay of execution of judgment pending appeal by posting a supersedeas bond. United States District Court for the Central District of California Local Rules rule 65-2 permits a court clerk to approve all bonds given in the form and amount prescribed by statute, order of the court or stipulation of counsel, which comply with the requirements of United District Court for the Central District of California Local Rules, rules 65-3 and 65-5.  When there is a valid final judgment, the court may exonerate a supersedeas bond. (*See Gorsuch v. Fireman's Fund Ins. Co.* 360 F.2d 23, 27 (9th Cir. 1966).)

Here, there is a valid final judgement entered in favor of Plaintiffs. On July 25, 2018, the Ninth Circuit Court of Appeals affirmed this Court's February 18, 2016 order granting in part Plaintiffs' motion for summary judgement and entry of judgement in favor of Plaintiffs for injunctive and declaratory relief.  The Ninth Circuit Court of Appeals issued a mandate on January 3, 2019, terminating appellate jurisdiction. (Fed. R. App. P. 41.) Defendants did not file a motion to stay the mandate pending the filing of a petition for a writ of certiorari in the United States Supreme Court. (*See* Fed. R. App. P. 41(a).)

As a result of Ninth Circuit Court of Appeals' affirmation of this Court's judgement and the Ninth Circuit Court of Appeals' award of attorneys' fees to Plaintiffs,

Plaintiffs requested payment for the judgement award of $206,922.77 and the Ninth Circuit Court of Appeals award of attorneys' fees of $75,680.00.

In light of this case concluding and Plaintiffs receiving Defendants' check for the judgement award of $206,922.77 on April 19, 2019 and Defendants' check for the Ninth Circuit Court of Appeals' attorneys' fees award of $75,680.00 on May 1, 2019, there is no longer any reason for the supersedeas bond to be held by the Clerk of this Court for the Defendants' potential benefit. The supersedeas bond therefore should be exonerated and discharged by this Court, and the International Fidelity Insurance Company that provided the bond at the request of Defendants should be released from any and all liabilities pursuant to the supersedeas bond.

## IV.   CONCLUSION

For the above reasons, Defendants respectfully request that this Court enter an order, submitted herewith, ordering that the supersedeas bond is no longer required and is hereby fully and unconditionally discharged and exonerated, and that International Fidelity Insurance Company is released from any and all past, present, and future liabilities arising under or in connection with the issuance of the bond, and directing the Clerk of the Court to return the canceled supersedeas bond to Defendants' counsel.

Respectfully submitted,

Dated: July 1, 2019          /s/ Steven R. Chidester

Steven R. Chidester
Attorneys for Defendants
**LAW OFFICES OF MARGARET A. CHIDESTER & ASSOCIATES**
Chino Valley Unified School District Board of Education, and Chino Valley Unified School District Board of Education Board Members James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair in their official representative capacities

6

# EXHIBIT 1

## International Fidelity Insurance Company
Address for Service: 2999 Oak Road, #820, Walnut Creek, CA 94597

Bond No. 0663961
Premium: $4,275.00 annually

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREEDOM FROM RELIGION | ) | |
| FOUNDATION, INC., ET AL. | ) | |
|     Plaintiffs, | ) | Case No. EDCV 14-2336-JGB (DTBx) |
| Vs. | ) | |
| CHINO VALLEY UNIFIED | ) | |
| SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, ET AL. | ) | |
|     Defendants. | ) | |

WHEREAS, the above defendant desires to give an undertaking for Appeal provided by Federal Rule of Civil Procedure 62(d).

NOW, THEREFORE, International Fidelity Insurance Company, a corporation duly incorporated under the laws of New Jersey and authorized to do business in the State of California, as surety, does hereby obligate itself to the above plaintiffs under said statutory obligations, in the sum of Two Hundred Twenty Five Thousand and 00/100 Dollars ( $225,000.00).

In no event shall the Surety's liability under this bond exceed the penal sum of Two Hundred Twenty Five Thousand and 00/100 Dollars ($225,000.00).

Signed and Sealed this 26th day of April, 2016.

International Fidelity Insurance Company

By: _____
Arturo Ayala, Attorney-In-Fact

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
County of Orange

On April 26th, 2016 before me, Karen L. Ritto, Notary Public, personally appeared Arturo Ayala who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PURJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

KAREN L. RITTO
COMM. #2138527
Notary Public-California
ORANGE COUNTY
My Comm. Expires Dec 30, 2019

6

Tel (973) 624-7200

# POWER OF ATTORNEY

## INTERNATIONAL FIDELITY INSURANCE COMPANY
## ALLEGHENY CASUALTY COMPANY

Bond No. 0663961

ONE NEWARK CENTER, 20TH FLOOR NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That **INTERNATIONAL FIDELITY INSURANCE COMPANY** , a corporation organized and existing under the laws of the State of New Jersey, **and ALLEGHENY CASUALTY COMPANY** a corporation organized and existing under the laws of the State of Pennsylvania, having their principal office in the City of Newark, New Jersey, do hereby constitute and appoint

ANDREW WATERBURY, DWIGHT REILLY, ARTURO AYALA, DANIEL HUCKABAY

Orange, CA.

their true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by their regularly elected officers at their principal offices.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of the By-Laws of INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY and is granted under and by authority of the following resolution adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting duly held on the 20th day of July, 2010 and by the Board of Directors of ALLEGHENY CASUALTY COMPANY at a meeting duly held on the 15th day of August, 2000:

"RESOLVED, that (1) the President, Vice President, Chief Executive Officer or Secretary of the Corporation shall have the power to appoint, and to revoke the appointments of, Attorneys-in-Fact or agents with power and authority as defined or limited in their respective powers of attorney, and to execute on behalf of the Corporation and affix the Corporation's seal thereto, bonds, undertakings, recognizances, contracts of indemnity and other written obligations in the nature thereof or related thereto; and (2) any such Officers of the Corporation may appoint and revoke the appointments of joint-control custodians, agents for acceptance of process, and Attorneys-in-fact with authority to execute waivers and consents on behalf of the Corporation; and (3) the signature of any such Officer of the Corporation and the Corporation's seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seals when so used whether heretofore or hereafter, being hereby adopted by the Corporation as the original signature of such officer and the original seal of the Corporation, to be valid and binding upon the Corporation with the same force and effect as though manually affixed."

IN WITNESS WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY have each executed and attested these presents on this 22nd day of July, 2014.



STATE OF NEW JERSEY
County of Essex

ROBERT W. MINSTER
Chief Executive Officer (International Fidelity
Insurance Company) and President (Allegheny
Casualty Company)



On this 22nd day of July 2014, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY ; that the seals affixed to said instrument are the Corporate Seals of said Companies; that the said Corporate Seals and his signature were duly affixed by order of the Boards of Directors of said Companies.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 16, 2019

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Sections of the By-Laws of said Companies as set forth in said Power of Attorney, with the originals on file in the home office of said companies, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this    26th    day of   April, 2016

MARIA BRANCO, Assistant Secretary

# EXHIBIT 2



1411 N. Batavia St., Suite 201
Orange, CA 92867
(714) 516-1232  FAX  (714) 516-9563
License #0680930

**Attn: Accounts Payable**
**Chino Valley Unified School District Board of Education**
5130 Riverside Drive
Chino, CA 91710

**Invoice No. 38462**

| BILLING DATE | BOND NO. | BOND COMPANY | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|---|---|
| 02-25-2019 | 0663961 | International Fidelity Insurance Company | 04-26-2019 | 04-25-2020 |

| | |
|---|---|
| **Bond Type:** Supersedeas Bond<br>**Transaction Type:** Renewal<br>**Contract Amt:** $0.00       **Bond Amt:** $255,000.00<br>**Oblizee:** U.S. District Court - Central District of California<br>**Contract No:**<br>**Job Desc:**  Case No. EDCV 14-2336-JGB (DTBx) | $4,845.00   Total Premium Due |

*Please note that this bond automatically renews upon the renewal date shown above. A renewal premium will be billed unless the necessary information needed to cancel this bond is received 30 days prior to the renewal date.

# EXHIBIT 3



**CHINO VALLEY**
UNIFIED SCHOOL DISTRICT

5130 Riverside Drive • Chino, CA 91710 • 909 628 1201 • www.chino.k12.ca.us

BOARD OF EDUCATION: Andrew Cruz • Christina Gagnier • Irene Hernandez-Blair • James Na • Joe Schaffer • SUPERINTENDENT: Norm Enfield, Ed D

This acknowledges receipt of the Chino Valley Unified School District's check made payable to "Trust Account of David J.P. Kaloyanides" in the amount of $206,922.77 as payment in full for judgement entered in *Freedom From Religion Foundation, Inc., et al., v. Chino Valley Unified School District Board of Education, etc. et al.* case number EDCV-14-02336 JGB (DTBx).

_____
Please Sign

DAVID J. KALOYANIDES
Print Name

2019 / 4 / 19
Date

Witness:

_____
Please Sign

Liz Pensick
Print Name

4/19/19
Date

# EXHIBIT 4



**CHINO VALLEY**
UNIFIED SCHOOL DISTRICT

5130 Riverside Drive • Chino, CA 91710 • 909.628.1201 • www.chino.k12.ca.us

BOARD OF EDUCATION: Andrew Cruz • Christina Gagnier • Irene Hernandez-Blair • James Na • Joe Schaffer • SUPERINTENDENT: Norm Enfield, Ed.D.

This acknowledges receipt of the Chino Valley Unified School District's check made payable to "Trust Account of David J.P. Kaloyanides" in the amount of $75,680.00 as payment in full for Ninth Circuit Court of Appeals attorney fees awarded in *Freedom From Religion Foundation, Inc., et al., v. Chino Valley Unified School District Board of Education, etc. et al.* case number 5:14-CV-02336-JGB-DTB.

_____
Please Sign

_____
Print Name

2019/5/1
_____
Date

Witness:
_____
Please Sign

_____
Print Name

5/1/19
_____
Date