1  David J. Kaloyanides SBN 160368
   E: djpk@rt2counsel.com
2  David J.P. Kaloyanides, APLC
   111 W. Ocean Blvd., Ste 400
3  Long Beach, CA 90802
   T: (213) 623-8120
4
5  Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| FREEDOM FROM RELIGION FOUNDATION, INC., et al., | ) Case No.: 5:14-CV-02336 JGB (DTB) |
|---|---|
| Plaintiff, | ) MOTION FOR LEAVE TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL |
| vs. | |
| CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, et al. | ) [Unopposed] |
| Defendants. | |

TO THIS HONORABLE COURT AND COUNSEL FOR DEFENDANTS:

PLEASE TAKE NOTICE that David J. Kaloyanides, counsel of record for plaintiffs in this matter, hereby moves this Honorable Court for leave to withdraw as counsel for plaintiffs.

This motion is based on the fact that my representation of Plaintiffs in this matter ended over six years ago. I no longer represent any of the Plaintiffs in this case.

Defendants seek to reopen this case. Plaintiffs Freedom From Religion Foundation ("FFRF"), Michael Anderson, Larry Maldonado, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, Doe 10, Doe 11, Doe 12, Doe 16, Doe 17, and Doe 18 are now represented by other counsel.

This motion is unopposed by counsel for defendants, and a copy of this motion for leave to withdraw was mailed to Plaintiffs Doe 13, 14, 15, 19 and 20 on 11 September 2025.

This motion is based on the accompanying Memorandum of Points and Authorities, the declaration of counsel, such evidence and argument as may be presented at the hearing on this motion should the Court set a hearing, and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Date: 1 October 2025

s/ *DavidjKaloyanides*
David J. Kaloyanides
Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Former counsel for Plaintiffs, David J. Kaloyanides seeks to withdraw as attorney of record for Plaintiffs in this case because there is no longer any attorney client relationship with Plaintiffs, counsel no longer represents any of the plaintiffs, and with the defendant's filing of a motion to reopen the case, the remaining plaintiffs are now represented by other counsel.

## II. BACKGROUND

### 1. Procedural posture of the case

This case was initiated on November 13, 2014, and the District Court issued a judgment in Plaintiffs' favor on February 18, 2016. (*See* Complaint, Dkt. 1; Judgment, Dkt. 88.) Defendants appealed to the Ninth Circuit Court of Appeals, which affirmed the District Court's ruling on July 25, 2018. (*See* Dkt. 110.) The Ninth Circuit declined to hear the case en banc. (*See* Dkt. 111.) Finally, on April 19, 2019, the Ninth Circuit issued the last substantive ruling in this case, ordering Defendants to pay Plaintiffs' attorneys' fees for appellate work. (*See* Dkt. 119.) After the case ended and was closed, my representation of the Plaintiffs concluded in 2019.

Six years later, on July 31, 2025, the Defendants filed a motion to modify the judgment. Plaintiff Freedom From Religion Foundation ("FFRF") contacted prior

counsel, attorneys Rebecca Markert, Andrew Seidel, and me, regarding the defendants' motion to modify the judgment in this case. FFRF sought and secured replacement counsel for many of the individual plaintiffs in this action. FFRF and 17 of the 22 plaintiffs (namely, Michael Anderson, Larry Maldonado, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, Doe 10, Doe 11, Doe 12, Doe 16, Doe 17, and Doe 18) are represented by Attorneys Matthew Murray and Lisa Demidovich of Altshuler Berzon LLP. In addition, Attorney Richard Bolton of Boardman & Clark LLP and Attorneys Patrick Elliott and Samantha Lawrence of the Freedom From Religion Foundation are participating as counsel *pro hac vice* on behalf of those same plaintiffs. Five of the original "Doe" plaintiffs are not currently represented by counsel. These are Doe 13, Doe 15 and their-then minor child, Doe 14, and Doe 20 and their then-minor child, Doe 19.

      2.   <u>Current professional commitments.</u>

In the intervening years since this case concluded, my professional circumstances have changed in such a way that I am unable to represent the remaining five Doe plaintiffs. Except in rare circumstances, my practice is exclusively criminal defense with a substantial amount of my clients being indigent defendants for whom I

4

am appointed counsel in the United States District Court for the Central District of California, appointed under the Criminal Justice Act, 18 U.S.C. §3006A. My representation of plaintiffs ended six years ago when this case ended. Since that time, the number of both my appointed cases as well as my retained clients has expanded significantly. My obligations to my current clients, my trial calendar, and my commitment to the Court as a member of the CJA Trial Panel, precludes me from representing former clients in this civil action.

3. <u>Breakdown in communication with clients.</u>

Additionally, since the case concluded over six years ago, I have had no contact with the five remaining unrepresented Doe plaintiffs. I have no current means of contacting them and understand that some may no longer be residents within the Central District. Attorneys Rebecca Markert, Andrew Seidel, and I have cooperated fully with replacement counsel in their numerous attempts to contact all named and Doe plaintiffs in this case.

My attorney-client relationship with the plaintiffs ended more than six years ago. Even if my attorney-client relationship had not ended, I am unable to represent the five remaining unrepresented Doe plaintiffs because I have no means of contacting

5

them. Under California Rule of Professional Conduct 1.16(b)(4), withdrawal as counsel is permissible if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." District courts have the discretion to grant or deny a motion to withdraw. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In considering such a motion, courts may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (internal citations and quotation marks omitted); *See also*, *Fred Hall Shows, Inc. v. Hall*, No. 8:21-CV-00417-JVS-KES, 2024 WL 3915150, at *1 (C.D. Cal. July 22, 2024).

"A 'breakdown in communication' between client and attorney constitutes good cause to grant an attorney's motion to withdraw as counsel.'" *Fabricant v. Fast Advance Funding, LLC,* No. 217CV05753ABJCX, 2018 WL 6927809, at *2 (citations omitted). "A communication 'breakdown' that justifies withdrawal is one that 'renders it unreasonably difficult for the member [attorney] to carry out the employment

6

effectively.' *Fabricant*, at *2 (quoting Cal. Rules Prof. Conduct 3-700(C)(1)(d)[1]; *See also*, *Kirkland v. Golden Boy Promotions, Inc.*, No. CV1207071MMMRZX, 2013 WL 12138685, at *2 (C.D. Cal. May 8, 2013).

Here, there has been a communication breakdown that justifies withdrawal of counsel. I have no ability to contact the unrepresented Doe plaintiffs, making it "unreasonably difficult for the lawyer to carry out the representation effectively."

Withdrawal will not cause prejudice to the other litigants. The majority of the plaintiffs are represented by replacement counsel, and these plaintiffs will adequately represent the interests of the five unrepresented Doe plaintiffs. Likewise, withdrawal will not harm the administration of justice for the same reasons. Finally, the withdrawal should not significantly delay the resolution of the Defendants' motion. Replacement counsel will represent the majority of the plaintiffs and are prepared to take over this case.

---

[1] California Rule of Professional Conduct 3-700(C)(1)(d) was later restyled as rule 1.16(b)(4).

7

### III. CONCLUSION

For the foregoing reasons, I respectfully request that the Court grant this motion to withdraw as counsel for all plaintiffs.

Respectfully submitted,

Date: 1 October 2025

    s/ *DavidjKaloyanides*
David J. Kaloyanides
Attorney for Plaintiffs

## DECLARATION OF COUNSEL

I, David J. Kaloyanides, hereby state and declare:

I am a member of the Bar of this State and a member of the Bar of this Honorable Court, duly licensed to practice law before the courts of this State. Six years ago, I was counsel of record for Plaintiffs in this matter and on the Court's docket, I remain counsel of record. I make this declaration in support of my Motion for Leave to Withdraw as counsel of record for plaintiffs. I am certified by the California Board of Legal Specialization in Criminal Law. I have been been in practice for over 30 years and have been a member of the Criminal Justice Act Indigent Defense Panel for the Central District of California for 20 years. I have personal knowledge of the matters stated herein and would so testify.

Except in rare circumstances, my practice is exclusively criminal defense with a substantial amount of my clients being indigent defendants for whom I am appointed counsel in the United States District Court for the Central District of California, appointed under the Criminal Justice Act, 18 U.S.C. §3006A. Over the last several years, the number of both my appointed cases as well as my retained clients has expanded significantly. My current obligations to my current clients, my trial calendar, and my commitment to the Court as a member of the CJA Trial Panel, precludes me from representing clients any civil action.

I represented the plaintiffs in this matter in the lawsuit against defendants through final judgment before this Court and on appeal to the United States Court of Appeals for the Ninth Circuit. On April 19, 2019, the Ninth Circuit issued the last substantive ruling in this case, after affirming the judgment of the District Court in favor of Plaintiffs, and

1  ordered Defendants to pay Plaintiffs' attorneys' fees for appellate work. (*See* Dkt. 119.)
2  After the case ended and was closed, my representation of the Plaintiffs concluded in
3  2019.

4  None of the individual plaintiffs has contacted me to request that I continue my
5  representation in this case. The institutional plaintiff, FFRF, requested that I assist in
6  responding to defendant's motion to reopen the case. I informed FFRF that my criminal
7  practice precludes me from taking on any civil matters.

8  Since the case concluded over six years ago, I have had no contact with the five
9  remaining unrepresented Doe plaintiffs. I have no current means of contacting them and
10 understand that some may no longer be residents within the Central District.

11 I have cooperated fully with replacement counsel in their numerous attempts to
12 contact all named and Doe plaintiffs in this case.

13 I have been informed by replacement counsel who has been in communication
14 with counsel for defendants, that the defendants do not oppose this motion.

15 I declare under penalty of perjury that the foregoing is true and correct.

16 Executed this 1st day of Octover, 2025, at Long Beach, California.

s/ *DavidJKaloyanides*

David J. Kaloyanides

# CERTIFICATION

I, David J. Kaloyanides, counsel of record for defendant Hector Oliva Melendez, certify that this brief contains 1697 words, which complies with the word limit of L.R. 11-6.1.

Date:                        s/ *DavidjKaloyanides*
                                       David J. Kaloyanides