Patrick C. Elliott (WI SBN# 1074300)
FREEDOM FROM RELIGION FOUNDATION, INC.
PO Box 750
Madison, WI 53701
(608) 256-8900
pelliott@ffrf.org

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., <br><br> Plaintiff, <br><br> vs. <br><br> CHINO VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, et al., <br><br> Defendants. | Case No.: 5:14-CV-02336 JGB (DTB) <br><br> **MOTION BY ANDREW SEIDEL TO WITHDRAW AS COUNSEL** |

Please take notice that I, Patrick Elliott, hereby respectfully request the Court withdraw Attorney Andrew Seidel, of Americans United for Separation of Church and State, as counsel of record in this matter on behalf of all plaintiffs. This request is made pursuant to Rule 83-2.3.2 of the Local Rules of the United States District Court for the Central District of California.[1] This motion is made on behalf of Attorney Seidel because he no longer has an active ECF account.

Plaintiffs Freedom From Religion Foundation ("FFRF"), Michael Anderson, Larry Maldonado, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, Doe 10, Doe 11, Doe 12, Doe 16, Doe 17, and Doe 18 are represented by Attorneys Matthew Murray and Lisa Demidovich of Altshuler Berzon LLP. In addition, myself, Attorney Richard Bolton of Boardman & Clark LLP, and Samantha Lawrence of the Freedom From Religion Foundation have been granted permission to participate as counsel *pro hac vice* on behalf of those same plaintiffs.

Attorney Seidel seeks to withdraw because his attorney-client relationship with the plaintiffs ended when this case ended more than six years ago. I am filing his motion to withdraw as counsel for the named and Doe plaintiffs in this case because Defendants

---

[1] This motion for leave to withdraw was mailed to Doe 13, 14, 15, 19 and 20 on September 11, 2025.

MOTION TO WITHDRAW AS COUNSEL                                        2

have filed a motion to modify the judgment, yet Attorney Seidel no longer represents the plaintiffs. Most plaintiffs have found other counsel to respond to Defendants' motion. There has been a breakdown in communications with the remaining five Doe plaintiffs, who Attorney Seidel represented six years ago but who are no longer his clients.

## 1. Background

This case was initiated on November 13, 2014, and the District Court issued a judgment in Plaintiffs' favor on February 18, 2016. See Complaint, Dkt. 1; Judgment, Dkt. 88. Defendants appealed to the Ninth Circuit Court of Appeals, which affirmed the District Court's ruling on July 25, 2018. Dkt. 110. The Ninth Circuit declined to hear the case en banc. Dkt. 111. Finally, on April 19, 2019, the Ninth Circuit issued the last substantive ruling in this case, ordering Defendants to pay Plaintiffs' attorneys' fees for appellate work. Dkt. 119. After the case ended and was closed, Attorney Seidel's representation of the Plaintiffs concluded in 2019.

Six years later, on July 31, 2025, the Defendants filed a motion to modify the judgment. Plaintiff FFRF contacted prior counsel, including Attorney Seidel and attorneys Rebecca Markert and David Kaloyanides, regarding the defendants' motion to modify the judgment in this case. FFRF sought and secured replacement counsel for

many of the individual plaintiffs in this action. FFRF and 17 of the 22 individual plaintiffs are now represented by new counsel in this matter. Five of the original "Doe" plaintiffs are not currently represented by counsel. These are Doe 13, Doe 15 and their-then minor child, Doe 14, and Doe 20 and their then-minor child, Doe 19.

### 2. Changes in professional circumstances

In the intervening years since this case concluded, Attorney Seidel's professional circumstances have changed in such a way that he is unable to represent the remaining five Doe plaintiffs. His representation of those plaintiffs ended six years ago when this case ended. He is no longer employed by FFRF and has new professional responsibilities as the Vice President of Strategic Communications of Americans United for Separation of Church and State.

### 3. Breakdown in communication with clients

Additionally, there has been a breakdown in communication between Attorney Seidel and the five remaining unrepresented Doe plaintiffs. In the six-plus years since this case concluded, some of the plaintiffs have understandably moved on. With the knowledge and full cooperation of Attorney Seidel and attorneys Rebecca Markert and

David Kaloyanides, replacement counsel made numerous attempts to contact all named and Doe plaintiffs in this case.

Since his attorney-client relationship with the plaintiffs ended more than six years ago, he is not able to represent them in responding to the Defendants' motion to modify the judgment. Moreover, if his attorney-client relationship had not ended, he would still be unable to represent the five remaining unrepresented Doe plaintiffs because he is no longer in contact with them. Under California Rule of Professional Conduct 1.16(b)(4), withdrawal as counsel is permissible if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." District courts have the discretion to grant or deny a motion to withdraw. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In considering such a motion, courts may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (internal citations and quotation marks omitted); *See also*, *Fred Hall Shows, Inc. v. Hall*, No. 8:21-CV-00417-JVS-KES, 2024 WL 3915150, at *1 (C.D. Cal. July 22, 2024).

"A 'breakdown in communication' between client and attorney constitutes good cause to grant an attorney's motion to withdraw as counsel.'" *Fabricant v. Fast Advance Funding, LLC,* No. 217CV05753ABJCX, 2018 WL 6927809, at *2 (citations omitted). "A communication 'breakdown' that justifies withdrawal is one that 'renders it unreasonably difficult for the member [attorney] to carry out the employment effectively.' *Fabricant*, at *2 (quoting Cal. Rules Prof. Conduct 3-700(C)(1)(d)[2]; *See also*, *Kirkland v. Golden Boy Promotions, Inc.*, No. CV1207071MMMRZX, 2013 WL 12138685, at *2 (C.D. Cal. May 8, 2013).

Here, there has been a communication breakdown that justifies withdrawal of counsel. Counsel has had difficulty communicating with the five remaining unrepresented Doe plaintiffs, making it "unreasonably difficult for the lawyer to carry out the representation effectively."

Withdrawal will not cause prejudice to the other litigants. The majority of the plaintiffs are represented by replacement counsel, and these plaintiffs will adequately represent the interests of the five unrepresented Doe plaintiffs. Likewise, withdrawal will not harm the administration of justice for the same reasons. Finally, the withdrawal

---

[2] California Rule of Professional Conduct 3-700(C)(1)(d) was later restyled as rule 1.16(b)(4).

should not significantly delay the resolution of the Defendants' motion. Replacement counsel will represent the majority of the plaintiffs and are prepared to take over this case.

For the foregoing reasons, I, Patrick Elliot, respectfully request that the Court grant this motion to withdraw Attorney Andrew Seidel as counsel for all plaintiffs.

Respectfully Submitted,

DATED: October 2, 2025

By: */s/ Patrick C. Elliott*
Patrick C. Elliott
Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
608-256-8900
pelliott@ffrf.org

By: */s/ Andrew L. Seidel*
Andrew L. Seidel
Americans United for Separation of Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
202-466-7303
seidel@au.org

MOTION TO WITHDRAW AS COUNSEL                    7

**CERTIFICATE OF CONFERENCE OF COUNSEL**

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 11, 2025.

DATE: October 2, 2025                By: */s/Patrick Elliott*
                                                                       Patrick Elliott

# PROOF OF SERVICE

The undersigned hereby certifies that the foregoing has been served via the Court's Electronic Document Submission System. The below listed counsel will automatically receive e-mail notices with links to true and correct copies.

<u>Service List</u>
- Robert H. Tyler (btyler@faith-freedom.com)
- Julianne Fleischer (jfleischer@faith-freedom.com)
- Joel Oster (joster@faith-freedom.com)
- Doe 13 (via mail)
- Doe 14 (via mail)
- Doe 15 (via mail)
- Doe 19 (via mail)
- Doe 20 (via mail)

DATE:     October 2, 2025              By: <u>/s/Patrick Elliott</u>
                                       Patrick Elliott