UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-2336 JGB (DTBx)** | Date | November 2, 2025 |
|---|---|---|---|
| Title | *Freedom From Religion Foundation, Inc., et al. v. Chino Valley Unified School District Board of Education, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiffs' Counsel's Motion to Withdraw as Counsel (Dkt. No. 143) (IN CHAMBERS)

Before the court is a motion filed on behalf of attorney Andrew Seidel ("Counsel") by Patrick Elliott, attorney of record, to withdraw as counsel of record for plaintiffs Freedom From Religion Foundation, Inc., Michael Anderson, Larry Maldonado, and Does 1-20 (collectively "Plaintiffs"). ("Motion," Dkt. No. 143.) The Court considers this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering briefing and evidence submitted in support of the Motion, the Court **GRANTS** the Motion.

## I. BACKGROUND

On November 13, 2014, plaintiffs Freedom From Religion Foundation, Inc. and Does 1-4 filed this action against Defendants Board of Education, and James Na, Sylvia Orozco, Charles Dickie, Andrew Cruz, and Irene Hernandez-Blair, members of the Board of Education in their official representative capacities, alleging that Defendants violated the Establishment Clause of the First Amendment by instituting a policy and practice of prayer in the Chino Valley District's school board meetings. Plaintiffs sought a declaratory judgment that Defendants' conduct of prayers, Bible readings, and proselytizing at Board meetings violates Plaintiffs' rights under the federal and California constitutions, a permanent injunction enjoining the Board and its members from continuing to violate Plaintiffs' constitutional rights, and nominal damages for past constitutional violations.

On February 18, 2016, the Court granted in part Plaintiffs' motion for summary judgment. ("Order," Dkt. No. 87.) Specifically, the Court held that Plaintiffs were entitled to judgment against Defendants presently on the Board, James Na, Sylvia Orozco, Andrew Cruz, and Irene Hernandez-Blair, declaring that the Resolution permitting religious prayer in Board meetings, and the policy and custom of reciting prayers, Bible readings, and proselytizing at Board meetings, constitute unconstitutional government endorsements of religion in violation of Plaintiffs' First Amendment rights. (Id. at 26.) The Court further found that Plaintiffs were entitled to injunctive relief against the Board members in their individual representative capacities, and enjoined the Board members from conducting, permitting or otherwise endorsing school-sponsored prayer in Board meetings. (Id. at 25-26.)

On March 16, 2016, Defendants appealed the summary judgment order and judgment. (Dkt. No. 94.) On July 25, 2018, the Ninth Circuit Court of Appeals issued its opinion affirming the Order. ("Opinion," Dkt. No. 110.) The Ninth Circuit issued its mandate on January 3, 2019. (Dkt. No. 113.)

On July 31, 2025, Defendants filed a motion for relief from February 18, 2016 order under Fed. R. Civ. P. 60. ("Motion for Relief," Dkt. No. 126.) On September 15, 2025, plaintiffs Freedom From Religion Foundation, Michael Anderson, Larry Maldonado, and Does 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 17, and 18 filed an opposition. ("Opposition," Dkt. No. 137.) On September 22, 2025, Defendants filed a reply. ("Reply," Dkt. No. 139.)

On October 1, 2025, Counsel filed this Motion. (Motion.) On October 10, 2025, this Court denied Defendantss Motion for Relief. ("Order," Dkt. No. 149.)

## II.     LEGAL STANDARD

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2. The motion for leave to withdraw "must be supported by good cause." Id. The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Id.

District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. See Thompson v. Special Enforcement, Inc., No. 07-1666, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008). Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Id. at *2 (citing Kassab v. San Diego Police Dep't, No. 07-1071, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008). In ruling on a motion to withdraw as counsel, courts generally consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc., No. 09-3200, 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009) (citing Irwin v. Mascott, No. 97-4373, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec. 1, 2004)).

### III.  DISCUSSION

As a preliminary matter, Plaintiffs' Counsel has complied with the notice requirement in Local Rule 83-2.3.2.  Counsel provided written notice to Does 13, 14, 15, 19, and 20, the five unrepresented Does.  (Mot. at 2 n.1.)  Counsel has cooperated with Plaintiffs' replacement counsel to contact all named and Doe Plaintiffs.  (Id. at 4-5.)

Counsel argues that withdrawal is appropriate because he no longer works for the Freedom From Religion Foundation, he no longer represents Plaintiffs, and Plaintiffs have sought replacement counsel for the Motion for Relief.  (Mot. at 4.)  For Does 13, 14, 15, 19, and 20, the five unrepresented Does, Counsel is unable to contact them and believes that some of them may no longer reside in the Central District of California.  (Mot. at 5.)  Attorneys may withdraw if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Pro. Conduct 1.16(b)(4).  In order to determine whether withdrawal is proper, the Court analyzes the four relevant factors as described above.

The Court finds that all four factors weigh in favor of withdrawal.  First, Counsel demonstrates "good cause" because Counsel no longer works for the Freedom From Religion Foundation and now works as the Vice President of Strategic Communications of Americans United for Separation of Church and State.  (Motion at 4-5.)  Furthermore, Counsel has not represented Plaintiffs for six years.  (Id.)  As to the five unrepresented Does, "[a] 'breakdown in communication' between client and attorney constitutes good cause to grant an attorney's motion to withdraw as counsel."  Fabricant v. Fast Advance Funding, LLC, No. 2:17-CV-05753-AB-JC, 2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018)

Second, withdrawal will not cause undue prejudice because nearly all Plaintiffs have acquired replacement counsel.  (Mot. at 3-4.)  None of the individual plaintiffs have requested that Counsel continue representing them.  (Mot. at 10.)  Furthermore, the Court has already decided the Motion for Relief.  (Order.)

For similar reasons, withdrawal will not harm the administration of justice or delay case resolution.  As such, all four factors weigh in favor of granting the Motion.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1. Plaintiffs' Counsel's Motion is **GRANTED**.  Andrew Seidel is relieved as counsel of record for Plaintiff and shall be terminated in ECF.

2. Plaintiffs' Counsel shall immediately serve Plaintiffs with a copy of this Order and shall thereafter file a proof of service to confirm the same.

**IT IS SO ORDERED.**